FRANCIS D. JACKSON, APPELLEE, v. GEORGE O. McDONALD, APPELLANT.

Submitted December 8, 1903—Decided February 24, 1904.

When chattels are delivered to a bailee in good condition and are returned to the bailor in a damaged state, the law will presume the negligence of the bailee to have been the cause.

On appeal.

Before Justices GARRISON and GARRETSON.

For the appellant, *Daniel P. Byrnes.*

For the appellee, *Joseph S. Parry.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff recovered a judgment against the defendant for damages to the plaintiff's mare, hired by the defendant. The evidence shows that the mare was in sound condition when delivered for hire to the defendant, fit for the work for which she was hired on November 1st, 1902, and that when returned on that day by defendant she had a fracture of the illium of the left hind leg and was in an exhausted condition—very lame from that injury—and that the use of the mare while so injured by the defendant caused the blood poisoning from which she died. There was no proof as to how the injury was caused.

The only evidence offered on the part of the defendant was a denial of the injury found by the plaintiff, and that the only injury was a lameness, apparent about eight o'clock in the morning, which was of that character about five o'clock in the afternoon that the mare was then unfit for work, and that the cause was then looked for by inspecting the right hind foot for a nail, and that no nail was found, and the mare was then sent home with the empty truck.

The judge found the defendant guilty of negligence in the use of the mare in question while in his possession, resulting in the loss of the mare, and gave judgment for the plaintiff for $213. It is from this judgment that the appeal is taken.

The rule adopted in the more modern decisions is that the proof of loss or injury establishes a sufficient *prima facie* case against the bailee to put him upon his defence. When chattels are delivered to a bailee in good condition and are returned in a damaged state, or not returned at all, the law will presume negligence to have been the cause and casts upon the bailee the burden of showing that the loss did not occur through his

negligence or, if he cannot affirmatively do this, that at least he exercise a degree of care sufficient to rebut the presumption of it.   3 *Am. & Eng. Encycl. L.* (*2d ed.*) 750, and many cases referred to.

We think that this rule is applicable to this case and that the evidence is sufficient to support the judgment.

The judgment below is affirmed.