JULIUS J. LEVINE, APPELLEE, v. D. WOLFF & COMPANY, APPELLANT.

Submitted March 19, 1909—Decided June 7, 1909.

Where the defendant, as a warehouseman, took plaintiff's goods to store, and kept them for two days and nights in its stable upon a wagon, where fire consumed them—*Held,* to be a question of fact whether defendant bestowed upon the goods thus stored the care required by law.

On appeal from the District Court of the city of Newark.

Before Justices REED, TRENCHARD and MINTURN.

For the appellant, *Riker & Riker.*

For the appellee, *Philip J. Schotland.*

. The opinion of the court was delivered by

MINTURN, J. The result of the trial of this action before the District Court was that the court found as facts that the plaintiff contracted with defendant company "to store" his household goods for a monthly consideration to be paid to the defendant, and that in pursuance of this contract the defendant company carried the goods upon their truck to the defendant's stable, where the wagon was taken in and allowed to stand, with the goods loaded thereon for two days and nights, and while thus situated a fire occurred in the stable upon the second night, and the goods were thereby destroyed. The building was used not only as a stable and a place for keeping defendant's wagons, but also as a place to keep what is called "pulled goods," viz., chattels sold by defendant upon conditional sales, and retaken by the vendor for non-compliance with the conditions of sale. These "pulled goods" were stored in wooden compartments in the stable; some were injured by the fire and some damaged by water, but none was destroyed, and all were subsequently sold as second-hand goods.

The court found the value of plaintiff's goods to be $300 and rendered judgment in his favor for that amount.

The case presents a question resolvable under the law of bailment, and the liability of the defendant thereon is to be determined by the conclusion reached upon the facts as to whether as bailee he performed the duty imposed upon him by law as a warehouseman.

At common law, since *Coggs v. Bernard,* this duty was defined to be, to take reasonable care of the goods entrusted to his charge. *Story Bailm.* 444; *Insurance Company* v. *Kiger,* 103 *U. S.* 352.

Section 21 of chapter 133 of the laws of 1907 entitled "An act concerning warehouse receipts and to make uniform the law relating thereto," makes no change in this respect in the common-law doctrine, and is merely declaratory thereof.

It has been held that within the purview of this duty is the requirement to use reasonable care to provide a building reasonably fit and safe for storage. *Moulton* v. *Phillips,* 10

*R. I.* 218; *Hickey* v. *Morrell,* 102 *N. Y.* 454; *Walden* v. *Finch,* 70 *Pa. St.* 460.

It is to be noted also that the reasonable care contracted for was that ordinarily exercised by a warehouseman "to store" the plaintiff's goods, and it has been held that this duty imposed upon the warehouseman such care and diligence as good and capable warehousemen are accustomed to show under similar circumstances. *Lancaster Mills* v. *Merchants Cotton Press Co.,* 89 *Tenn.* 1.

The defendant insists that because its own goods were stored in another portion of this stable, the reasonable care required of it by law was furnished by storing the plaintiff's goods in the same place.

Without referring to the implication that may fairly arise upon the facts of the case, that the plaintiff when he contracted with a warehouseman "to store" his goods had reason to assume that a stable would not be their destination, the adjudicated cases are to the contrary of defendant's contention.

Lord Holt, in *Coggs* v. *Bernard,* 2 *L. Raym.* 909, by way of *obiter* afforded a basis for such a construction of the law regarding reasonable care, but this notion has been exploded, and the true rule is now declared to be that if the bailee uses the same care in regard to the property bailed that he bestows upon his own, it is but evidence tending to show that he is not guilty of gross negligence, or, as was stated in one case, it is merely "an argument for his honesty." *Giplin* v. *McMullen, L. R.,* 2 *P. C.* 317.

Apropos of this contention, Chief Justice Tindal once observed that to fix a standard of liability co-extensive with the individual judgment would make it as variable as the foot of each individual. *Vaughan* v. *Menlove,* 3 *Bing.* (*N. S.*) 468; *Doorman* v. *Jenkins,* 2 *Adolph. & E.* 256.

When, therefore, the plaintiff proved the delivery of the chattels in good condition to defendant, and their destruction thereafter by fire upon defendant's premises, the law presumes the negligence of the bailee to be the cause of the loss,

and this presumption could be rebutted only by affirmative proof of reasonable care upon defendant's part. *Jackson* v. *McDonald,* 41 *Vroom* 594.

Therefore it was a question entirely of fact whether the storing of these goods in defendant's stable upon a wagon for two days and nights, under a contract with defendant as a warehouseman, to use such reasonable care in storing them as men in that line of business usually take of goods committed to their care, was a compliance with the duty thus imposed upon this defendant by law, and the court having found as a fact that it was not, we cannot disturb that finding.

The judgment is affirmed.