ALICE GRANNAN AND KATHERINE GRANNAN, RESPOND-ENTS, v. REUBEN R. FOX, APPELLANT.

Argued May 21, 1924—Decided October 20, 1924.

While *Comp. Stat.*, *p.* 4097, § 140, provides *inter alia* that the answers to interrogatories shall be evidence in an action if offered by the party proposing them, but not otherwise; nevertheless, where the party interrogated offers the interrogatories and answers, which are not objected to by the party proposing them, the testimony is legal and could only be struck out if a question of public policy required such action.

On appeal from the Atlantic County Circuit Court.

For the appellant, *John C. Reed.*

For the respondents, *Cole & Cole.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action in the Atlantic Circuit Court, where plaintiffs had a verdict and judgment, and defendant appeals.

The defendant was the owner of a warehouse in Atlantic City, and the plaintiffs were the owners of certain goods and chattels which they stored therein. A fire occurred at the warehouse and the plaintiffs' goods were damaged. Hence this suit. The questions raised under the grounds of appeal do not require any more detailed statement of the facts.

The first ground of appeal is that the trial court erred in admitting in evidence for the plaintiffs the interrogatories propounded by the defendant to the plaintiffs and the answers by them, on the ground that they could not be put in evidence under the statute except by the party propounding them. While *Comp. Stat., p.* 4097, § 140, provides *inter alia* that the answers shall be evidence in the action if offered by the party proposing the interrogatories, but not otherwise, nevertheless, there is here no objection to this offer on the part of the plaintiffs, who argue that, even if objection had been made, it would have been untenable, as the offer was legal on rebuttal. Whether so or not, which is not decided, the evidence was lawful, because not objected to. On principle, it is like the giving of testimony by the living defendant concerning conversations with decedent in a suit brought by the representative of a deceased person, which, if admitted without objection, it is not in the power of the court afterwards to strike out, because its admission is opposed to the statute; the court can strike out testimony so admitted only when its exclusion is demanded by some consideration of public policy. *Rowland* v. *Rowland,* 40 *N. J. Eq.* 281. And no public policy supervenes here. The question is one entirely *inter partes.*

The second ground of appeal is that the awarding of damages on the second count cannot be sustained by any evidence except in the answers to the written interrogatories. This, in effect, is a concession that the answers to the interrogatories sustain the second count, the theory being that they were illegally admitted. Treating the paragraph of the complaint numbered 2 as a separate count, still, as there was no objection to the admission of the interrogatories and the

answers thereto, they were legally in evidence, and the objection, consequently, falls.

The third ground is that the court submitted the case to the jury on the theory that defendant was bound to keep the goods in a reasonably safe place despite the uncontradicted testimony that plaintiffs, after examination and inspection, had selected the place of storage on the premises. Respondents' argument on this score is that no exception was taken to that part of the charge which deals with the point.

The only exception taken to the charge we think fairly raises this question. It was to that part of the charge as to the duty of a warehouseman to provide a safe place, under the facts of this case, where the plaintiffs went and saw where the goods were going. The judge charged that it was the duty of a warehouseman to provide a reasonably fit and safe place to store goods which he has accepted, and to exercise reasonable care to see that they are safely kept. This was correct. Appellant's counsel argues that the instant case can be distinguished from *Levine* v. *D. Wolff & Co.*, 78 *N. J. L.* 306, without himself distinguishing it. He leaves that to this court to do, and, we think, it cannot be done. The Levine case holds that it is a question of fact whether a warehouseman bestows upon the goods stored with him the care required by law. And this question was left to the jury in this case under proper instructions. Notwithstanding, plaintiffs selected the place of storage, the warehouseman's duty of safe depository and care continued, and was a question of fact.

The fourth ground is that the verdict of the jury was contrary to the weight of the evidence. It has been repeatedly held that this factual question may not be reviewed on writ of error, the latest case being *Breitbart* v. *Lurich*, 98 *N. J. L.* 556. Such a question is reviewable only on rule to show cause in the trial court.

The fifth ground is that the charge of the court was erroneous in law. The sixth, that the court admitted illegal evidence for the plaintiffs. The seventh, that the court refused to admit legal evidence for the defendant. These three grounds point out no particular errors and do not present a

case for review. This also has been repeatedly decided, the latest case being *John S. Geiger Sons, Inc.,* v. *Edward M. Waldron, Inc., ante p.* 93.

The eighth and last ground is that the damages awarded by the jury were excessive. The refusal of a trial court to grant a new trial upon the ground that the damages are excessive is not reviewable on error. *Blum* v. *Parsons Manufacturing Co.,* 95 *N. J. L.* 471. Nor is an alleged excessiveness of damages reviewable on error at all, but only on rule to show cause.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, KAYS, JJ. 13.

*For reversal*—None.