NEW JERSEY MANUFACTURERS ASSOCIATION FIRE INSURANCE COMPANY, APPELLANT, v. DAVID GALOWITZ, RESPONDENT.

Submitted October 26, 1929—Decided May 19, 1930.

For the appellant, *Kellogg & Chance*.

For the respondent, *William L. Greenbaum* and *George Gildea*.

The opinion of the court was delivered by

CASE, J. This is an appeal from a judgment of nonsuit granted at the Mercer Circuit of the Supreme Court. The issue on the appeal is whether the trial judge erred (1) in granting a nonsuit and (2) in the exclusion of some and the admission of other evidence. Plaintiff is the assignee of Shifman Brothers who were the owners of four automobiles left by them with the defendant, a garagekeeper for hire. During the night of August 8th, 1923, these automobiles, with others, were destroyed by fire in the defendant's garage. The action was instituted to recover for the damage thus done.

The complaint contains four counts. One is based directly on the alleged failure of the defendant to fulfill his obligations under the specific contract between him and Shifman Brothers. The others plead in changing verbiage the failure of the defendant to perform his duty as bailee for hire.

Of the thirteen grounds of appeal the first and second have to do with the nonsuit.

The legal concept of the action comes within the general subject of bailee for hire. The automobiles were stored at a price in defendant's garage. The principle of liability is that of a warehouseman. The duty of the warehouseman as bailee under the common law was to take reasonable care of the goods trusted to his charge. Section 21 of chapter 133 of the laws of 1907 entitled "An act concerning warehouse receipts and to make uniform the law relating thereto" (4 *Comp. Stat., p.* 5780), provides that "a warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by exercise of such care." That statute makes no change in this respect in the common law doctrine and is merely declaratory thereof. · *Levine* v. *Wolff,* 78 *N. J. L.* 306. The rule has been stated by the courts in varying language. This court has declared the following to be a correct state-

ment: It is "the duty of a warehouseman to provide a reasonably fit and safe place to store goods which he has accepted, and to exercise reasonable care to see that they are safely kept." *Grannan* v. *Fox*, 100 *Id*. 288. Whether or not a warehouseman has bestowed upon the goods stored with him the care required by law is a question of fact. *Levine* v. *Wolff, supra; Grannan* v. *Fox, supra.*

It was in evidence that on the night of August 8th, some time after eleven-thirty o'clock a fire occurred in the defendant's garage, in the course of which twenty-four or twenty-eight automobiles were burned and the building was so damaged that the timbers fell and were strewn across the cars, and that, although the defendant lived immediately next door and had a night watchman in the garage building, the defendant and those with him did not get the automobiles out. An inspection made the next morning showed that there were a big bus and other cars placed in the back of the Shifman cars so that the latter could not be moved without first removing the former. The Shifman cars were brought into the garage on the evening preceding the fire in sufficiently good condition to be run in under their own power. The defendant testified that he saw two of the cars being brought in and so far as he could see there was nothing the matter with them. When chattels are delivered to a bailee in good condition and are returned in a damaged state, or not returned at all, the law will presume negligence to have been the cause and casts upon the bailee the burden of showing that the loss did not occur through his negligence or, if he cannot affirmatively do this, that at least he exercised a degree of care sufficient to rebut the presumption of it. Proof of loss or injury while in the custody of the bailee establishes a *prima facie* case against the bailee to put him upon his defense. *Jackson* v. *McDonald*, 70 *N. J. L.* 594; also, see, *Dantes* v. *McGann*, 98 *Id*. 55.

The motion for nonsuit as made by the defendant was upon two grounds: First, that there was no evidence which showed the alleged damage to the plaintiff and, second, that there

was no evidence tending to show any negligence upon the part of the defendant. The trial court determined that there was no need to consider other than the first ground and granted a nonsuit thereon, stating that "there is simply evidence that they [the automobiles] were in running condition the night before and they were junk the next day, and that certainly is not enough to go to the jury on." We find that that ruling was error. The testimony presented a question of fact that should have been left to the jury. A *prima facie* case was established by the plaintiff. At common law the breach of a contract or the committing of a trespass upon the rights of another was *per se* a legal injury from which some damage to the plaintiff would be inferred. If the extent of the damage is not proven, nominal damages only can be recovered, but where actionable misconduct is shown, the law implies nominal damages at the least. *Lance* v. *Apgar*, 60 *N. J. L.* 447.

For the information of the trial court and counsel, upon the assumption that the case will be retried, we shall briefly discuss the disputed rulings on evidence.

Inasmuch as the first count is specifically for the violation of an oral contract of bailment we consider that the questions which are cited in the third and fourth grounds of appeal were properly admitted. They tended to prove the defendant's version of the contract.

The fifth and sixth grounds are abandoned.

Our views as to the seventh, eighth and ninth grounds may be gathered from our discussion of the thirteenth ground.

We find no substance in the tenth, eleventh and twelfth grounds.

The thirteenth ground of appeal is the refusal of the trial judge to permit one Swartz to be asked this question: "And speaking from your experience that you have narrated on the witness stand, and from the observation which you made of the trucks about a month before, and from the conditions which you found in the several trucks on the day following the fire, what, in your opinion, was the fair market value of

those trucks when they were damaged by the fire?" Swartz was produced as an expert in car values. The question was objected to, first, because the witness was not qualified as an expert on the value of used automobiles and, second, that it did not appear that the witness knew the condition of the automobiles before the fire. The court sustained the objections on the second ground. Swartz had testified that he had last seen the automobiles about a month before the fire, that then, and at numerous times during the preceding year, he had inspected the automobiles and knew their condition and, further, that on the morning following the fire he had examamined the automobiles and gained additional information from the portions of the cars that were not burned.

The knowledge of the witness concerning the condition and value of the cars a month before the fire might well have helped the jury in determining the condition and value of the cars at the time of the conflagration, particularly in view of other testimony that the cars had meanwhile been running under their own power in and out of the garage even down to the night of the fire. In *Luse* v. *Jones,* 39 *N. J. L.* 707, it was alleged by the plaintiff that the defendant had wrong-fully removed and damaged her furniture and she was permitted at the trial to prove the cost of a bedstead as tending to show its value, this cost being the price at which a regular dealer in such articles had sold it when new in the ordinary course of trade. This court, speaking through Mr. Justice Dixon, said: "A sale so made was evidence of the market value of the thing when new, and the value of such goods when worn can scarcely be ascertained, except by reference to the former price and the extent of depreciation. Of course the cost alone would not be a just criterion of the present value but it would constitute one element in such a criterion." To like effect is *Dantes* v. *McGann, supra.* The added knowledge, whatever it may have been, obtained by the witness on his inspection the day after the fire was cumulative. The rulings limiting proof of the value of the cars to the time of the fire restricted the evidence within too narrow a compass.

We think that the question should have been admitted and that its exclusion was error. We consider, also, that the witness should have been permitted to examine his own memoranda, made at the time, concerning such condition and valuation.

Judgment below will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.