RITA DeCICCO, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOHN A. DeCICCO, DECEASED, PLAINTIFF-APPELLANT, v. MARLOU HOLDING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued February 4, 1948—Decided May 13, 1948.

For the plaintiff-appellant, *John B. Baratta.*

For the defendant-respondent, *Daniel DeBrier* (*William B. Hunter,* of counsel).

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment entered in the Atlantic County Circuit Court based upon a jury verdict in favor of the defendant-respondent, Marlou Holding Company, and against the plaintiff-appellant, Rita DeCicco, administratrix *ad prosequendum* of the estate of John A. DeCicco, deceased.

On the evening of September 14th, 1944, a Miss Stadler was walking along Kentucky Avenue in Atlantic City when she met the decedent, John A. DeCicco, in front of his place

of business. A storm of hurricane intensity had struck Atlantic City earlier that day, and the decedent was then on duty as an air raid warden in response to an emergency call from the local civilian defense authorities. Due to the condition of the streets from debris and water the decedent offered to escort Miss Stadler along her way, and at about 7:30 P. M. they were walking along Pacific Avenue past the Loumar Apartments, owned and operated by the defendant corporation. Suddenly there was a loud noise and a large mass, later identified as tile coping from the roof of the apartment building, fell to the ground. Some part of this heavy material struck the decedent and fractured his skull causing his death.

On March 1st, 1945, Rita DeCicco, a daughter of the decedent, brought an action at law under the Death Act as administratrix *ad prosequendum* of her father's estate. The original complaint was subsequently amended and relied upon the doctrine of *res ipsa loquitur,* it being alleged that the decedent, lawfully upon the highway, was struck by an object fallen from abutting premises under the control of the defendant. This complaint was upheld by the trial court in response to the defendant's motion to strike.

In addition to denying the allegations of the complaint, defendant's answer set forth several separate defenses; namely, denial of negligence on the part of the defendant, assumption of risk and contributory negligence on the part of the plaintiff's decedent, and an act of God. At the trial plaintiff offered proof of the happening of the accident, including testimony that the decedent was on duty as an air raid warden and that the fallen object came from the defendant's building. Proof was also offered showing loss resulting from the death. A motion for nonsuit was then made by the defendant, but this was denied by the trial court on the ground that sufficient testimony had been presented to justify the application of the doctrine of *res ipsa loquitur* and the shifting to the defendant of the burden of bringing forth evidence.

The testimony offered by the defendant was in support of the separate defenses set forth in its answer. Evidence was given by representatives and employees of the defendant corporation as to action taken for inspection and repair of the

building, including inspection on the morning of September 14th, 1944, the date of the accident. Expert testimony was given as to the intensity of the hurricane and the velocity of the wind during the afternoon and evening of the day in question. It was specifically shown that the severity of the storm exceeded any previously officially recorded for the area. In addition, considerable testimony was offered and admitted showing property damage incurred throughout Atlantic City, including damage to tile coping on buildings other than that of the defendant.

No evidence in rebuttal was offered by the plaintiff. However, on cross-examination it was shown that the peak of the storm was reached around 4:00 P. M.; that there was an abating of the wind after that time and that defendant caused no inspection to be made of the building between that hour and the time when the accident happened. A motion for directed verdict was made by the defendant, but this was denied by the trial court on the ground that defendant's evidence did not overcome as a matter of law the inferences to which plaintiff was entitled under the doctrine of *res ipsa loquitur,* although the burden of proof still remained with the plaintiff.

Upon submission of the matter to the jury a verdict was returned of no cause for action. It is from the judgment entered on such verdict that this appeal is taken.

The plaintiff sets forth twelve separate grounds of appeal for consideration by this court. These are all concerned with admission of evidence or errors in charge, and may be grouped into five general contentions.

In the first place, the plaintiff contends that the trial court erred in admitting testimony as to damage sustained by other buildings in Atlantic City with particular attention to damage to tile coping. It is claimed that this introduced irrelevant and confusing issues because the only pertinent facts were those related to the condition of the buildings under the control of the defendant. In addition, plaintiff contends further error since no basis was laid for this testimony by showing that these other buildings were similar in all respects to the building in question.

We believe that plaintiff's argument in this regard is the result of an erroneous concept of the purpose for which this testimony was introduced and admitted. As stated before, one of the separate defenses alleged by the defendant and denied by the plaintiff was that the accident was the result of an act of God. In order to sustain such a defense, it was incumbent upon the defendant to demonstrate a storm of such unusual severity as to negative failure to use due care in anticipating it. The testimony objected to by the plaintiff was accepted by the trial court as a means of describing the storm by showing resultant damage, which the jury might find as reasonably attributable to it.

In his argument the plaintiff's attorney states that there was no dispute about the severity of the storm. However, a dispute on this point was established by the state of the pleadings, and defendant was called upon to prove this element of the defense. It is well established that the relevancy of testimony must be tested by its probative value with respect to the points at issue, and we think that under the circumstances the trial court committed no error in admitting the testimony in question. A similar position was taken by this court in the case of *Risley* v. *Ocean City Development Co.,* 75 *N. J. L.* 840; 69 *Atl. Rep.* 192.

Plaintiff next contends that the trial court erred in its charge as to the state of the law when negligence and an act of God may appear as concurrent causes of a certain result. It is argued that the jury could not have given proper consideration to the case since they were not properly instructed that "the rule imposing liability on defendant, although another efficient cause concurs with defendant's negligence, applies where an accident or act of God is the concurring cause." *Clark* v. *Public Service Electric Co.,* 86 *N. J. L.* 144; 91 *Atl. Rep.* 83. Several portions of the charge were excepted to by the plaintiff as showing error by the trial court on this point. Actually, however, the plaintiff's contention is not that the court erred in what it said, but that error resulted from what the court omitted to say. One of the grounds of appeal specifically claims an error of omission, and in the argument on this ground plaintiff's attorney goes

further in justifying why no request was made by him for the court to charge on this question of concurrent causes.

Plaintiff's attorney cites several cases to sustain the proposition that exceptions may be taken to what the trial court may omit to say in the charge even though no request to charge be made. Our review of these cases indicates that they do not sustain this proposition, nor do we believe that such a principle is legally sound. Errors on the part of the trial court cannot properly be considered and corrected on appeal unless they appear in the record, and with respect to the charge this is not accomplished unless exceptions are taken to what the trial court said or what such court refused to say when specifically requested to do so. The making of request to charge is a responsibility of counsel. In the instant case we find no error in what the trial court said, and we can find no request to charge which such court refused in error.

Plaintiff next contends that the trial court erred in refusing a requested charge with respect to the decedent's right to be on the highway since he was "in and about the course of his duties" as an air raid warden. In the charge the court did comment on the testimony as to decedent's status as an air raid warden, and the relationship of this status to the defense of assumption of risk. Whether decedent was "in and about the course" of such duties at the time of the accident was properly a question of fact for the jury, and there was no error in the refusal to charge on such an element of the case as a matter of law.

The next contention of the plaintiff is directed to the portion of the charge where the court said, "The defendant was under no duty, in the maintenance of its building, other than to make reasonable inspection * * *. If * * * you find that the defendant performed its duty of reasonable inspection, and * * * discovered no defects in the terra cotta coping, then your verdict should be in favor of the defendant * * *." Since all of defendant's testimony was as to inspections prior to the peak of the storm, it is contended that this charge deterred the jury from a consideration of negligence in failing to inspect between the time the storm

was most severe and the time the accident happened. We find no justification in this reasoning, and a reading of the charge shows that the trial court actually called the attention of the jury to the plaintiff's argument on this factor of the case.

One further contention of error is based on the admission of testimony as to an inspection of the roof of defendant's building made the day after the storm. This was objected to as being too remote. We find no foundation for such objection nor any harmful error in the testimony given.

The judgment of the court below is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, EASTWOOD, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 11.

*For reversal*—None.