BACHMAN CHOCOLATE MANUFACTURING COMPANY, PLAINTIFF-RESPONDENT, v. LEHIGH WAREHOUSE AND TRANSPORTATION COMPANY, INC., DEFENDANT-APPELLANT.

Submitted November 22, 1948—Decided January 3, 1949.

*Mr. Charles S. Barrett, Jr.,* argued the cause for the defendant-appellant (*Messrs. Lum, Fairlie & Foster,* attorneys).

*Mr. Francis W. Hayden* argued the cause for the plaintiff-respondent (*Messrs. Crummy & Consodine,* attorneys).

The opinion of the court was delivered by

BURLING, J. This is an appeal from a judgment entered by the former Supreme Court upon the verdict of a jury in favor of the plaintiff and against the defendant. The gravamen of the complaint was the failure of the defendant, a warehouseman, to meet the obligation arising out of the contract of bailment, resulting in damage to bags of cocoa beans stored by the plaintiff. The defendant denied negligence and further affirmatively pleaded the damage to have been caused by an Act of God and the case was tried with a jury which rendered a verdict for plaintiff in the amount of $4577.25, upon which the Court allowed interest in the amount of $1000.77, making the total amount of the judgment $5578.02 plus costs.

The defendant has urged as its chief point in support of its appeal the refusal of the trial court to direct a verdict in its behalf.

The liability of defendant as a warehouseman is defined in the Uniform Warehouse Receipts Act, *R. S.* 57:1-24, as follows:

"A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care."

When goods are delivered to a bailee in good condition and are returned in a damaged state the law presumes negligence and casts upon the bailee the burden of going forward with the evidence to show that the loss did not occur through his negligence or if he cannot affirmatively do this, that he exercised a degree of care sufficient to rebut the presumption of it. Proof of loss or injury while in the custody of the bailee establishes a *prima facie* case against the bailee to put him upon his defense. *New Jersey Manufacturers Association Fire Insurance Company v. Galowitz,* 106 *N. J. L.* 493 *(E. & A.* 1929*).* This is so even though the burden of proof of the cause of action rests with the plaintiff and never shifts from him.

From the testimony it appeared that defendant was engaged in the business of a warehouseman, receiving and storing goods for hire. On July 8, 1943, the plaintiff stored with the defendant some 1200 bags of cocoa beans receiving therefor a warehouseman's receipt which provided "The responsibility of a warehouseman, in the absence of written provisions, is the reasonable care and diligence required by law." The bags were stored on the ground floor of a warehouse belonging to the defendant, located in the City of Newark. The testimony was conflicting as to whether or not dunnage was employed in this storage; it being testified that dunnage is a method of placing the goods on a temporary wooden flooring some 5 inches above the cement floor of the warehouse so as to allow a full circulation of air and prevent mildew.

The goods continued in the custody of the defendant until May 5, 1944, on which date 400 bags were withdrawn by plaintiff. A storm of hurricane type occurred in September, 1944, not only in Newark but throughout the entire state, being the same storm that formed the basis of the defense in *DeCicco v. Marlou Holding Co.,* 137 *N. J. L.* 186 *(E. & A.* 1948) a case which arose in Atlantic City. While the evidence was conflicting as to the time of commencement of the storm, by the afternoon of September 14, 1944 (JI2Ia-30) it reached its crest. At that time water from a sewer outside the warehouse backed up and flooded the ground floor of the building

to a depth of approximately 12 inches. During the peak of the storm, part of the bags were moved to another location and the remainder were moved at a later date. After the storm subsided, upon inspection, it was found that 193 bags were damaged. Of this number 74 were damaged by water, 20 were soaked with oil and 94 were wet and mouldy with a trace of oil in them. Plaintiff thereupon withdrew the undamaged bags and made claim for the damage.

In order to be relieved from liability by an Act of God a defendant charged with negligence must show that the *vis major* relied upon was of unusual severity and that the damage resulted from that cause alone. *DeCicco v. Marlou Holding Co., supra.*

The defendant alleges that the testimony showed the damage to have been solely caused by the hurricane and thus not due to actionable negligence on its part. Granting that the proofs did show that the storm was of such severity as to constitute an Act of God, the plaintiff contends that there was presented sufficient conflicting testimony of the defendant's failure to exercise reasonable care in regard to the goods as to warrant submission of the case to the jury.

In the instant case we think that the conflicting testimony, for example, as to the existence of dunnage and the time of commencement of the storm in relation to the testimony that no steps were taken to anticipate damage and protect the goods which were stored on the ground floor of the building from insurging water until the second day of the storm, despite warning of its severity and imminence, the fact that some damage was caused, not by water, but by oil not related to the storm, presented questions of fact to be determined by a jury. It is well established that a case should be submitted to a jury unless there are no disputed facts or disputed inferences to be drawn from undisputed facts. Here there were both disputed facts and disputed inferences from undisputed facts and the Court correctly submitted the case to a jury.

It is further urged that error was committed in the allowance of interest. The trial court upon deliberation al-

lowed interest to be added to the sum found by the jury in its verdict. *Zemel v. Commercial Warehouse Co.,* 132 N. J. L. 341 *(E. & A.* 1944). Interest is allowed where the damages are readily ascertainable. *Howell v. Lehigh Valley R. R.,* 94 N. J. L. 213, 218 *(E. & A.* 1920). The determination of the market value at time of the storage in this case was affected by existence of rulings of the Office of Price Administration. These beans were purchased by the plaintiff during the regulatory period at the fixed price of 11½ cents per pound which was within the ceiling price, plus additional charges permitted by the OPA regulations created by a variable in shipping and insurance costs. The exact amount of the additional charges at the time of purchase does not appear in the evidence. The president of the corporation which sold the beans to the plaintiff testified that they were approximately one cent a pound. There was no evidence presented or assertion made of any change of OPA regulations at the time of the loss. This figure of 12½ cents per pound was accepted by the Court and jury and appears to have been conceded by the defendant at the trial and in its brief as market value. While we are of the opinion that the proof could have been stronger, the record is void of any objection by the defendant and in its brief the defendant adopted the figure of 12½ cents per pound in admitting liability for 20 bags damaged by oil. In view of this fact the amount of loss was ascertainable by a fixed standard which formed a rational basis for the computation.

■■ The remaining point relates to the exclusion by the trial court of testimony intended to show that the sewer in question had not overflowed prior to the time in question. We think the trial judge was correct in his rulings. *Temperance Hall Asso. v. Giles,* 33 N. J. L. 260, 265 *(Sup. Ct.* 1869); *Healy v. Trodd,* 122 N. J. L. 603, 607 *(Sup. Ct.* 1939), affirmed 124 N. J. L. 64 *(E. & A.* 1939). Moreover it appears that the defendant was not harmed by these rulings since testimony was admitted without objection to the effect that the "tunnels" where the goods were stored had never been wet before.

The judgment of the former Supreme Court is affirmed.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, BURLING, and ACKERSON—5.

*For reversal:* Justice OLIPHANT—1.