8 N.J. Super. 40 (1950)
73 A.2d 201
DOMINICK PASCALI, PLAINTIFF-RESPONDENT,
v.
JOHN B. HEMPSTEAD, INDIVIDUALLY AND TRADING AS HEMPSTEAD'S ESSO SERVICE STATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1950.
Decided May 11, 1950.
*41 Before Judges McGEEHAN, COLIE and EASTWOOD.
No appearance for plaintiff-respondent.
Mr. Sylvester S. Garfield, attorney for and of counsel with defendant-appellant, argued the cause.
The opinion of the court was delivered by EASTWOOD, J.A.D.
Defendant appeals from a judgment entered in favor of plaintiff by the Bergen County District *42 Court, sitting without a jury, in the sum of $125.01. The court found for the plaintiff in the sum of $143.51 and in favor of the defendant for $18.50 on his counterclaim. Plaintiff has not filed a brief nor did he appear at the argument.
In the first count of plaintiff's complaint, he alleges negligence on the part of defendant in the performance of certain work on his automobile, a 1941 Plymouth sedan, causing damage thereto; in his second count, he alleges that defendant admitted that said work was negligently performed and promised to pay the cost of repairs. Defendant's answer denied the plaintiff's allegations
Defendant conducts what is generally known as a "gas service station" and does not undertake expert mechanical motor vehicle repairs. Plaintiff entrusted his vehicle to defendant for the sole purpose of having its spark plugs cleaned and adjusted. This is the only work that was done on the car. When plaintiff returned for his car, he discovered that it would not start. Although defendant installed a new battery, the motor could not be started until employees of the defendant rocked the vehicle and "unjammed" the starter; a "rattling noise" was then heard in the engine. Subsequently, the vehicle was towed to Decker Brothers' garage where it was repaired. Plaintiff contends that the damage to the motor was caused by the negligent manner in which the work was performed by defendant.
The trial court concluded as a matter of law that the delivery of plaintiff's car to defendant for repair constituted a bailment for mutual benefit. "When goods are delivered to a bailee in good condition and are returned in a damaged state the law presumes negligence and casts upon the bailee the burden of going forward with the evidence to show that the loss did not occur through his negligence or if he cannot affirmatively do this, that he exercised a degree of care sufficient to rebut the presumption of it. Proof of loss or injury while in the custody of the bailee establishes a prima facie case against the bailee to put him upon his defense. New Jersey Manufacturers Association Fire Insurance Company *43 v. Galowitz, 106 N.J.L. 493 (E. & A. 1929). This is so even though the burden of proof of the cause of action rests with the plaintiff and never shifts from him." Bachman Choc. Mfg. Co. v. Lehigh Wrhse. & T. Co., 1 N.J. 239, 244 (Sup. Ct. 1949), at p. 242. Cf. 6 Am. Jur., "Bailments," § 368, p. 446.
Under the evidence here, it is clear that there was no proof of negligence chargeable to the defendant. The plaintiff's expert witness, Wilmer Decker, testified that the cleaning and adjusting of the spark plugs could not have caused the damage to the engine; that the damage was the result of a broken piston caused either by the failure of a valve which had burned or a defect in the valve stem itself. It is apparent from the testimony of Mr. Decker, proffered as a witness by both parties, that there was an absence of any proof of negligence attributable to defendant. Therefore, the trial court erroneously directed judgment to be entered in favor of plaintiff.
The trial court, in its conclusions of law, did not comment upon the second count of the complaint. In view of the fact that plaintiff testified with respect thereto, we deem it essential to discuss same. Plaintiff testified that the defendant promised to pay the cost of the repairs and deduct same from the wages of the employee allegedly responsible for the damage. It is now well settled that a mere moral obligation or conscientious duty arising wholly from ethical motives, or a mere conscientious duty unconnected with any legal obligation, perfect or imperfect, or with the receipt of benefit by the promisor of a material or pecuniary nature will not furnish a consideration for an executory promise. 12 Am. Jur., "Contracts," § 97, p. 590. "A moral obligation which has at no time been a legal duty will not, according to the great weight of authority, afford a consideration for a promise." 13 C.J., "Contracts," § 219 (10), p. 358. Cockrell v. McKenna, 103 N.J.L. 166, 170 (E. & A. 1926); Clayton v. Clayton, 125 N.J.L. 537 (Sup. Ct. 1941). In view of the *44 fact that defendant was not liable to plaintiff, the promise to pay was unenforceable.
The judgment of the trial court in favor of the plaintiff is reversed and the judgment in favor of the defendant on his counterclaim in the sum of $18.50, representing the price of the battery, is affirmed.