14 N.J. Super. 50 (1951)
81 A.2d 392
ANTHONY P. DE BARO, PLAINTIFF-APPELLANT,
v.
FRANK GABRYELSKI, SR., DEFENDANT, AND FRANK GABRYELSKI, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 1951.
Decided May 25, 1951.
*51 Before Judges FREUND, DONGES and PROCTOR.
Mr. Jerome J. Heyman argued the cause for plaintiff-appellant (Mr. Myron L. Levy, attorney).
Mr. William B. Rosenberg argued the cause for defendant-respondent (Messrs. Blumberg & Rosenberg, attorneys).
The opinion of the court was delivered by PROCTOR, J.S.C.
Plaintiff appeals from an adverse judgment returned by the judge of the Somerset County District Court, sitting without a jury.
The complaint charged the defendants with having negligently permitted a fire to occur in their garage, as a result of which plaintiff's automobile truck was destroyed while in defendants' custody.
Plaintiff testified that on January 31, 1949, he brought his vehicle to the defendant's garage in order to have its frozen gas line corrected. Shortly thereafter, when he returned, he found the vehicle had been destroyed by an explosion *52 and fire. The damages were stipulated at $1,000, and the plaintiff rested his case.
The defendant, Frank Gabryelski, Jr., admitted that the plaintiff had left his automobile truck with him to repair. He testified that he put the vehicle on the lift in his garage, removed the top of the carburetor and started the flow of gasoline from the tank into a bucket, which he held at arm's length above him immediately under the opening; that the gasoline was drained out with the exception of a few drippings and he placed a pan under the gas tank on the garage floor to catch these when the service bell rang. He went outside to attend the customer, leaving his father, Frank Gabryelski, Sr., inside the garage, standing at the door some 25 to 30 feet from plaintiff's vehicle; that while he was outside pumping gas into the customer's tank, he heard an explosion within the garage and, upon finding the door lock jammed, broke a window in order to get his father out. He admitted "it was dangerous to leave a car unattended with gasoline draining from its tank, but that the entire process generally was dangerous." He further testified the garage was adequately ventilated.
Plaintiff consented to a dismissal as to Frank Gabryelski, Sr., who, admittedly, was present merely as a visitor.
The defendant called two witnesses, Nybo and Halpern, each of whom testified that he had several years' experience working in service stations and was familiar with the operation of "un-freezing a gas line." Each witness testified that the method employed by the defendant was proper and one which the witness had used on many occasions without incident. However, it also appears in the settlement of the state of case that each stated "leaving a vehicle unattended while gasoline is draining out is a dangerous thing to do, but that the whole process is dangerous because you are dealing with a dangerous substance."
The trial court found that the plaintiff failed to prove negligence on the part of the defendant, Frank Gabryelski, Jr.
*53 Plaintiff asserts several grounds of appeal, but we need consider only one, viz., that the finding of the trial court was against the weight of the evidence and this court should make new findings of fact.
We are empowered to review the evidence relating to the facts and, where the controversial issue is essentially factual, we may make our own findings when in our judgment the interests of justice so require. Rule 1:2-20 and Rule 4:2-6; Series Publishers, Inc., v. Greene, 9 N.J. Super. 166, 171 (App. Div. 1950).
The legal concept of the action comes within the general subject of bailment. The applicable rule was stated in Bachman Choc. Mfg. Co. v. Lehigh Wrhse. & T. Co., 1 N.J. 239, 242 (1949):
"When goods are delivered to a bailee in good condition and are returned in a damaged state the law presumes negligence and casts upon the bailee the burden of going forward with the evidence to show that the loss did not occur through his negligence or if he cannot affirmatively do this, that he exercised a degree of care sufficient to rebut the presumption of it. Proof of loss or injury while in the custody of the bailee establishes a prima facie case against the bailee to put him upon his defense. New Jersey Manufacturers Association Fire Insurance Company v. Galowitz, 106 N.J.L. 493 (E. & A. 1929). This is so even though the burden of proof of the cause of action rests with the plaintiff and never shifts from him."
Defendant and his two witnesses admitted that draining gasoline from a vehicle is a dangerous undertaking and that it is dangerous to leave a vehicle unattended during the process. When the fire or explosion occurred, defendant's father was the only person in the garage. He was in nowise connected with the business and was present as a mere visitor; he was the only one in a position to describe the incident. He was not produced by the defendant, nor was any explanation offered for not calling him. His failure to testify justifies the inference that, if called, he would testify unfavorably to the defendant. Robinson v. Equitable Life Assurance Society, 126 N.J. Eq. 242, 247 (E. & A. 1939); Series Publishers, Inc., v. Greene, supra, at 170.
*54 The defendant produced no evidence that the loss did not occur through his negligence. Nor did he show that he exercised a degree of care sufficient to rebut the presumption of negligence. Bachman Choc. Mfg. Co. v. Lehigh Wrhse. & T. Co., supra. Cf. Pascali v. Hempstead, 8 N.J. Super. 40, 42, 43 (App. Div. 1950). On the contrary, the preponderance of the evidence is in favor of the plaintiff.
The judgment below is reversed and the cause is remanded with direction to enter judgment for plaintiff in the sum of $1,000.