15 N.J. Super. 349 (1951)
83 A.2d 457
HOPPER'S, INC., AND HARRY T. LITTS, PLAINTIFFS-APPELLANTS,
v.
RED BANK AIRPORT, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1951.
Decided September 21, 1951.
*350 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Edmund J. Canzona argued the cause for the appellants (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
Mr. Leon Reussille, Jr., argued the cause for the respondent (Messrs. Applegate, Foster, Reussille & Cornwell, attorneys).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal by the plaintiffs from a judgment for the defendant entered in the Monmouth County District Court.
Under a monthly rental agreement the plaintiffs stored their Piper Cub airplanes at the hangar owned and operated by the defendant Red Bank Airport, Inc. At about 8 P.M. *351 on July 13, 1949, the planes were destroyed by a fire which started in the parachute loft maintained in the hangar. Thereafter the plaintiffs instituted separate actions, which were consolidated for trial, seeking to recover damages from the defendant for the loss of their planes. The trial was conducted before the judge of the Monmouth County District Court, sitting with a jury. At the close of the plaintiffs' case the defendant moved to dismiss but its motion was denied on the ground that the plaintiffs' "proof of the bailment and failure to return the planes established a prima facie case." See New Jersey Manufacturers Association v. Galowitz, 106 N.J.L. 493, 496 (E. & A. 1929); Berkowitz v. Pierce, 129 N.J.L. 299, 300 (Sup. Ct. 1943). Thereupon the defendant introduced evidence in support of its position that the loss resulted from a fire not occasioned by its negligence. At the close of the entire case the defendant moved for judgment in its favor and this motion was granted on the ground that the presumption of negligence had been overcome by the defendant's evidence that "the loss of the planes was occasioned by a fire which had occurred without negligence" on its part. See Armstrong Rubber Co. v. Erie Railroad Co., 103 N.J.L. 579, 583 (Sup. Ct. 1927); Dolan v. Goodman Warehouse Corp., 11 N.J. Misc. 168, 169 (Sup. Ct. 1933). In support of their position that this constituted legal error the plaintiffs urge that there was an issue of fact as to whether the defendant was negligent which should have been submitted to the jury for determination. Cf. Levine v. D. Wolff & Co., 78 N.J.L. 306, 309 (Sup. Ct. 1909); Grannan v. Fox, 100 N.J.L. 288, 290 (E. & A. 1924).
No stenographic record of the evidence in the district court was ever taken and we are therefore confined to the statement of the proceedings settled by the district court judge pursuant to Rule 1:2-23. The fire originated in the parachute loft at the east end of the hangar. There were only two keys to the loft, one in the office and the other in the possession of the parachute technician who was apparently away from the premises at the time of the fire. One of the *352 defendant's experts testified that parachute lofts are usually set up within the hangars in airports comparable to that operated by the defendant; he acknowledged that it would have been less hazardous to have located the parachute loft in another building. Witnesses for the defendant testified that its airport was operated "in the usual manner and custom as all other airports of its size" and that "adequate fire prevention apparatus was available in the hangar"; however, there is nothing in the statement of the proceedings indicating whether any of the apparatus was actually used on July 13, 1949. Some of the planes in the hangar were stored upon their noses and it was necessary to pull their tails down from among crossed girders which were 16 feet from the hangar floor. Witnesses for the defendant testified that planes stored on their noses are no more difficult to remove "than planes stored in the usual position with all wheels on the ground." There were approximately 30 planes stored in the hangar and although at the time of the fire there were four persons on duty at the airport only two planes were saved. No explanation is advanced for the extent of the loss; indeed, the record is silent as to the manner in which the fire was originally discovered, the nature of its spread, the steps taken to combat or contain it, and the results of any investigation as to its cause.
The controlling legal principles, as we view them, may be stated briefly. Where goods are lost or damaged while in the bailee's custody a presumption of negligence arises and the bailor may institute a civil action to recover their value. Whether the allegations of the complaint sound in contract or tort would appear to be immaterial under our practice; in either event, the burden of proving the claim for relief (Rule 3:8-1) rests with the plaintiff-bailor and never shifts. However, proof by the plaintiff-bailor of the bailment and the loss or injury while in the bailee's custody establishes a prima facie case and casts upon the bailee the burden of going forward with evidence to show that the loss did not occur through its negligence or that it exercised a *353 degree of care sufficient to rebut the presumption of its negligence. Bachman Chocolate Manufacturing Co. v. Lehigh Warehouse and Transportation Co., 1 N.J. 239, 242 (Sup. Ct. 1949); DeBaro v. Gabryelski, 14 N.J. Super. 50, 53 (App. Div. 1951). Although there are some decisions which indicate that a bailee may, without further exculpation, simply prove that the bailed goods were destroyed or damaged by fire and leave to the plaintiff the burden of proving the attendant facts, there are other decisions, which we consider preferable, to the contrary. See Agricultural Insurance Co. v. Constantine, 144 Ohio St. 275, 58 N.E.2d 658, 665 (1944); and cases collected in 6 Am. Jur. p. 470 (1950); 8 C.J.S., pp. 348, 349 (1938). The facts as to how the bailed goods were destroyed or damaged being peculiarly in the bailee's possession, it seems fair that, in rebutting the presumption of negligence, it be required to couple its evidence that the goods were destroyed or damaged by fire at its premises with an explanation of the circumstances. Cf. The J. Russell Manufacturing Co. v. New Haven Steamboat Co., 50 N.Y. 121, 127 (1872); Keenan Hotel Co. v. Funk, 93 Ind. App. 677, 177 N.E. 364 (1931); Royal Insurance Co., Ltd., v. Collard Motors, 179 So. 108, 110 (La. App. 1938); Northeast Aviation Co. v. Rozzi, 64 A.2d 26 (Me. Sup. Jud. Ct. 1949).
We are unable to accept the district court's conclusion that the testimony, including the inferences which may reasonably have been drawn therefrom in the plaintiffs' favor (Dobrow v. Hertz, 125 N.J.L. 347, 348 (E. & A. 1940)), contained no sufficient evidence that the fire loss resulted from negligence on the defendant's part to warrant submission of that issue to the jury. The presence of the inflammable parachutes in the apparently locked loft within the hangar, the manner in which the planes were stored on their noses with their tails among the crossed girders, and the failure to save any, but two, of the 30 planes, despite the presence of four persons on duty, appear to be significant items; and significance might likewise be attached to the *354 absence of any recorded explanation as to the manner in which the fire was originally discovered, the nature of its spread, the steps taken to combat or contain it, and the results of any investigation as to its cause. The defendant relies heavily upon the evidence that its manner of operation and precautionary steps prior to the fire were consistent with accepted practices and customs in its industry. While this evidence was properly admitted (Hollander v. Smith and Smith, 10 N.J. Super. 82, 86 (App. Div. 1950) certif. denied 6 N.J. 399 (1951)) it did not establish the controlling legal standard of care (2 Wigmore, Evidence (3d ed. 1940), 489), or justify the entry of judgment in the defendant's favor. We consider that, upon the entire record in the cause, the issue as to whether the fire loss of the plaintiffs' airplanes resulted from the defendant's negligence was a factual one which should have been submitted to the jury for its determination. Cf. New Jersey Manufacturers Association v. Galowitz, supra; Berkowitz v. Pierce, supra; DeBaro v. Gabryelski, supra.
The judgment is reversed and a new trial is ordered with costs to abide the event thereof.