26 N.J. Super. 264 (1953)
97 A.2d 730
CHARLES G. KANDRET, PLAINTIFF-APPELLANT,
v.
JOHN MASON, INDIVIDUALLY AND DOING BUSINESS AS ESSO SERVICE STATION AND WILLIAM HEADY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1953.
Decided June 17, 1953.
*265 Before Judges FREUND, STANTON and FRANCIS.
Mr. Edward M. Gurry argued the cause for the plaintiff-appellant.
Mr. Nathan Reibel argued the cause for the defendants-respondents.
The opinion of the court was delivered by FREUND, S.J.A.D. (temporarily assigned).
The plaintiff sued to recover the value of a Plymouth automobile owned by him and delivered to the defendant Mason for servicing on July 27, 1950, with instructions to redeliver it in front of the plaintiff's home with the keys left in the ignition switch. At the conclusion of the case, judgment was entered in favor of the defendants and the plaintiff appeals.
The material facts are not in dispute save in one all-important particular: the plaintiff testified that he directed the defendant Mason to have the automobile redelivered to No. 519 Jefferson Avenue. The defendant Mason and his employee, Gibbons, who had never before done work for the plaintiff and hence had no reason to know where the plaintiff lived, both testified the plaintiff said "No. 519 Madison Avenue." In any event, the plaintiff left on a ten-day vacation and when he returned, not finding his car in front of his home, No. 519 Jefferson Avenue, he inquired of Mason and was informed the automobile had been delivered to No. 519 Madison Avenue by his son-in-law, the defendant Heady. The car had disappeared and has never been recovered.
The plaintiff testified that he directed the car be delivered to the Jefferson Avenue address, because his father lives but a few doors away and would take care of the car keys. *266 However, he did not say that he had asked his father to do so, nor did the father testify, and the trial court found as a fact that no inquiry was made for the car during the plaintiff's absence. In addition to the testimony of Mason and Gibbons that the plaintiff had directed the car be delivered to the Madison Avenue address, they both testified that a memorandum of work to be done, showing the plaintiff's address as No. 519 Madison Avenue, and produced at the trial, was made out in the presence of the plaintiff; but this the plaintiff denies. Moreover, the detective who investigated the theft of the car testified the plaintiff told him he had said to Mason "No. 519," taking for granted Mason knew it was No. 519 Jefferson Avenue. Mason testified that he warned the plaintiff of the risk of leaving his car on the street, unlocked, with the car key in the ignition switch, but that the plaintiff, nevertheless, in disregard of such warning, insisted that delivery be so made.
The complaint sounds both in bailment and in negligence. The well-settled rule of law is that where goods are lost while in the bailee's custody a presumption of negligence arises and upon the bailor's establishing a prima facie case by proof of delivery and failure of redelivery, the bailee has the obligation to go forward with evidence to show that the loss did not occur through his negligence, or that he exercised a degree of care sufficient to rebut the presumption of negligence. Jackson v. McDonald, 70 N.J.L. 594 (Sup. Ct. 1904); N.J., &c., Ins. Co. v. Galowitz, 106 N.J.L. 493 (E. & A. 1929); Bachman Choc. Mfg. Co. v. Lehigh Whse. & T. Co., 1 N.J. 239 (1949); Leonard v. Auto Parks, Inc., 12 N.J. Super. 113 (App. Div. 1951); Hopper's Inc. v. Red Bank Airport, Inc., 15 N.J. Super. 349 (App. Div. 1951); Franklin v. Airport Grills, Inc., 21 N.J. Super. 409 (App. Div. 1952).
Here, the plaintiff established a prima facie case of delivery of his automobile and failure of redelivery to him, and the defendant was thereupon required to go forward with evidence to show that the loss was not due to his negligence, Against the testimony of the plaintiff that he gave his correct *267 home address to the defendant, the preponderance of the evidence is that he did not do so. However, conceding, arguendo, that the defendants delivered the plaintiff's automobile to the wrong address and, further, that it was highly improbable that the plaintiff gave his home address incorrectly, the cause of the loss was not the negligence of the defendants. It might well be that had the defendants delivered the automobile to the plaintiff's correct home address and in accordance with the plaintiff's instructions left the keys in the car, the loss might still have occurred. Hence, there is no causal relation between the negligence of the bailee, if any, and the loss. Rather, the loss of the automobile was rendered more likely because the car was left on a public street, unattended, with the keys in the ignition switch  not through the negligence of the bailee, but in strict compliance with the instructions of the bailor. Dudley v. Camden & Phila. Ferry Co., 42 N.J.L. 25 (Sup. Ct. 1880), affirmed 45 N.J.L. 368 (E. & A. 1883). The plaintiff alone, by insisting that the key be left in the car, was responsible for the ease with which the automobile could be stolen  he alone created that situation, and assuming, but not conceding, any negligence on the part of the defendants, the plaintiff's lack of care for his own property would exonerate the bailee from liability. Osborn v. Cline, 263 N.Y. 434, 189 N.E. 483 (Ct. App. 1934); 8 C.J.S., Bailments, § 26, page 262.
Affirmed.