J-S58021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK L. BURKETT, | |
| Appellant | No. 144 WDA 2014 |

Appeal from the Judgment of Sentence November 7, 2013
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001998-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 03, 2014**

Appellant, Patrick Burkett, appeals from the judgment of sentence of 13 to 30 years' incarceration, imposed after he pled guilty to third degree murder.  Appellant argues that the court abused its discretion in fashioning his sentence.  We affirm.

Appellant's conviction stemmed from his murdering the 22-month old daughter of his live-in paramour.  An autopsy showed that child's death was caused by blunt force trauma to her head, consistent with her being violently shaken.  Appellant pled guilty to third degree murder on September 18, 2013, and was sentenced to the above-stated term of incarceration on November 7, 2013.  He filed a timely notice of appeal on December 6, 2013,

_____

[*] Retired Senior Judge assigned to the Superior Court.

as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Herein, Appellant presents one issue for our review: "Whether the Court of Common Pleas of Cambria County was in error in failing to take into consideration mitigating factors at the Sentencing Hearing?" Appellant's Brief at 4.

Appellant's claim constitutes a challenge to the discretionary aspects of his sentence and, accordingly, he "is not entitled as of right to a review of such a challenge." *Commonwealth v. Levy*, 83 A.2d 457, 467 (Pa. Super. 2013).

> Our jurisdiction over a claim regarding the discretionary aspects of sentence must be established as follows:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Id.* (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations, and modifications omitted)).

Here, Appellant has failed to meet the second prerequisite for obtaining review of his discretionary aspect of sentencing claim. Our examination of the record confirms that he did not raise this issue during the sentencing hearing or in a post-sentence motion. Accordingly, it is waived. *Id.*; *see also Commonwealth v. Bullock*, 948 A.2d 818, 825 (Pa. Super.

2008) (stating that the right to appeal the discretionary aspects of a sentence "is not absolute and is waived if the appellant does not challenge it in post-sentence motions or by raising the claim during sentencing proceedings").

Nevertheless, we note that even if Appellant had properly raised this issue before the trial court, we would conclude that it is meritless. Appellant complains that the court failed to take into account

> that Appellant is 26 years old, never married, and is the father of a daughter, age 18 months[,] who he loving[ly] and diligently cared for; Appellant had no prior criminal record as a juvenile or adult offender prior to the filing of these charges; Appellant has always held a job and has a history of constant employment since he has been a teenager; Appellant has elderly parents who he helps take care of and who have been supporting him throughout [the] court proceedings; Appellant's actions were grossly reckless and negligent, and he never possessed a formed intent to do harm. This incident resulted from a single act of criminal conduct, and there was no history of abuse against the victim present; Appellant has a low risk of reoffending; and Appellant continually expressed deep sorrow for the loss of life sustained by the victim and subsequent heart ache [*sic*] he has caused to the victim's mother and family.

Appellant's Brief at 6-7.

In its Pa.R.A.P. 1925(a) opinion, the trial court stated that it considered the following pertinent factors in fashioning Appellant's sentence:

> 1). [Appellant's] counseled Presentence Memorandum submitted prior to sentencing on October 31, 2013 which offered:
>
> - the family situations of the persons involved and medical facts of the case;
>
> - that [Appellant's] conduct was a one-time incident;

- [Appellant's] age, marital status, and fatherhood status;

- [Appellant's] employment history;

- that his parents are life-long Cambria County residents who though elderly have attended [c]ourt as their health permits and remain supportive of their son[;]

- [Appellant's] complete lack of [a] criminal record;

- the suggestion that [Appellant's] risk of re-offending is low;

- [Appellant's] love for the child-victim.

2). Presentence investigation report setting forth [Appellant's] age, background, education, lack of addiction to drugs and alcohol, and other factors;

3). Arguments of counsel and testimony at the sentencing hearing including [Appellant's] allocution, in which he advised the court that he has joint custody of his own young daughter.

Thereafter, the [c]ourt noted specifically [Appellant's] lack of propensity [for] violence and absence of ill motives.

Trial Court Opinion (TCO), 1/21/14, at 1-2 (unnumbered pages).

The record of the sentencing hearing confirms that the court considered the mitigating factors described in its opinion, belying Appellant's contention to the contrary. **See** N.T. Sentencing Hearing, 11/7/13, at 4-5 (court's stating it considered the presentence investigation report and presentence memorandum submitted by Appellant's counsel); **id.** at 11-13 (Appellant's statement to the court); **id.** at 26 (Appellant's counsel's argument); **id.** at 27 (court's stating the reasons for its sentence, and noting that it did not believe Appellant had a propensity for violence, or ill motives when the murder occurred). Thus, we would conclude that Appellant's sentencing challenge is meritless had he preserved this claim for our review.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/3/2014