EDWARD KITTAY, RESPONDENT, v. JOSEPH CORDASCO, APPELLANT.

Submitted May 28, 1926—Decided October 18, 1926.

1. The rule in cases of gratuitous bailment that the bailee is only liable for loss through gross negligence or fraud, has no application where the bailment is for the mutual benefit of both the bailor and the bailee. In such case the rule applicable to bailments for hire, which holds the bailee liable for ordinary negligence causing the loss, is the rule which governs.

2. The fact of delivery to a bailee for hire of personal property in bailment, its loss, and the consequent failure of the bailee to return it, justifies a jury in inferring and finding want of ordinary care on the part of the bailee in its safekeeping, and, consequently, justifies, in the absence of other evidence, a refusal at the end of the plaintiff's case to grant a motion for nonsuit.

3. This inference may be answered by proof of the circumstances attending the loss, and if this proof and all the other circumstances of the case establish beyond jury question that there is no evidence from which the jury might properly find negligence on the part of the bailee, he is entitled to a directed verdict in his favor; otherwise, the directed verdict should be refused.

On appeal from the Supreme Court.

For the appellant, *William Greenfield.*

For the respondent, *Pitney, Hardin & Skinner* (*Shelton Pitney,* of counsel).

The opinion of the court was delivered by

WHITE, J.   The appeal is from a judgment in the Supreme Court upon a verdict in favor of the plaintiff, a diamond

dealer, for the negligence of the defendant, a jeweler, as bailee of three diamonds delivered to him in his own store by the plaintiff "on memorandum" to enable him to show them to a prospective purchaser, and if the latter bought, to deliver them to such purchaser and to collect the retail price, paying the bailor the wholesale or dealer's price, and retaining the difference between these prices as his own profit; but if the "prospect" did not purchase, then to return the diamonds to the bailor.

Obviously, and in fact as it is admitted, under these circumstances the bailment was for the mutual benefit of both the bailor and the bailee, and consequently, the rule of liability for gross negligence or fraud only, which prevails where the bailment is purely gratuitous on the bailee's part (2 *Kent Com.* 560; *Weinstein* v. *Sherr,* 98 *N. J. L.* 511), has no application. A bailee for hire, or for what in legal contemplation is the same thing, namely, for the mutual benefit of both the bailor and the bailee, is liable to the bailor for ordinary negligence on the bailee's part which causes the loss of the subject of the bailment. *Carter* v. *Allenhurst,* 100 *Id.* 138; 6 *Corp. Jur.* 1121.

Appellant complains of the refusal of the learned trial judge to grant his motions for nonsuit and for direction of a verdict in defendant's favor on the ground that there was no evidence of negligence. We think there was such evidence and that the motions were properly denied.

The testimony, which was practically uncontradicted, tended to show that the diamonds, which were worth $2,-111.40, were delivered by the plaintiff to the defendant in the latter's store at eleven forty-five A. M., and instead of being deposited by the defendant in his jewelry safe in that store for safekeeping until he should take them, at three-thirty in the afternoon, to show to a prospective purchaser, with whom he had an appointment at that time for that purpose, the defendant (rather over the protest of the plaintiff, who, when he observed it, told him to be careful) wrapped the diamonds in a piece of paper and thrust them loosely into his left-hand trousers' pocket, and then carrying them in this insecure way, went several doors away to an auction sale in

a crowded auction room, where the furniture and other personal property of a bankrupt banking concern were being sold; bought an automobile at such sale; with some friends was driven in it to a garage some blocks away; walked back from the garage to his store, and again not depositing the diamonds in his jewelry safe, went with some friends in another automobile to a public restaurant, where they had midday luncheon and where they loitered around until about two-twenty in the afternoon, when, desiring to start out to Hillside, in Union county, to exhibit the diamonds to the prospective purchaser, the defendant felt for the diamonds in his pocket and discovered that they were not there. He had not felt any hand in his pocket at any time during his wanderings, although he had seen two men pushing in the crowd at the auction room.

The fact of the delivery of the diamonds to the bailee for hire, coupled with their admitted loss and his consequent failure to return them or to account for their value according to the terms of the contract, justified the jury in inferring and finding want of ordinary care on the part of the bailee in their safekeeping. *Carter* v. *Allenhurst, supra.*

The defendant, in answer to this permissible inference, was at liberty to explain the circumstances attendant on the loss of the diamonds. If, as a result of this explanation, and of all the other circumstances of the case, it had been established beyond jury question that there was no evidence from which the jury might properly find negligence on the part of the bailee, he would have been entitled, at the hands of the court, to the direction of a verdict in his favor, although the inference arising at the end of the plaintiff's case from the mere facts of the deposit of the diamonds, their loss and the failure to return them, prevented the granting of the motion for a nonsuit. We think the evidence in this case, however, regarding the loss of the diamonds, presented circumstances from which the jury were justified in finding negligence on the part of the bailee in their safekeeping, and that, therefore, the motion for the direction of a verdict was also properly denied.

The only other exception which has been argued before us by the appellant relates to the exclusion by the learned trial judge of testimony as to why the plaintiff went to police headquarters to ascertain whether or not the defendant had reported the loss to the police. A witness had already testified that in fact the plaintiff did go to the police department and make the inquiry in question, and did learn in consequence of such inquiry that the defendant had reported the loss to the police. Under these circumstances we agree with the learned trial judge that the reason which prompted plaintiff to make that inquiry was quite immaterial.

The judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.