ARMSTRONG RUBBER COMPANY, INCORPORATED, RESPONDENT, v. ERIE RAILROAD COMPANY, A CORPORATION, APPELLANT.

Submitted January 28, 1927—Decided May 21, 1927.

In an action brought by the bailor of goods against the bailee for failure to return the goods, the proof of bailment and failure to return the goods makes a *prima facie* case for the jury, but the bailee may overcome this presumption of negligence by showing that the loss occurred through some cause consistent with due care on his part, and when the proofs of exoneration are full, clear and uncontradicted, a legal and not a fact question is presented which requires a direction of a verdict in favor of the bailee.

On appeal from the Second District Court of the city of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Hobart & Minard.*

For the respondent, *McCarter & English.*

The opinion of the court was delivered by

LLOYD, J.    The Armstrong Rubber Company on June 28th, 1923, shipped three bales of automobile tires from its place of business in Westhaven, Connecticut, to the Bergen City Transportation Company, at Ridgewood, in this state. The shipment was via New York, New Haven and Hartford railroad and thence by the Erie railroad. The tires reached Ridgewood by the Erie road on July 9th, and the consignee was notified. No response being received from the consignee the consignor was notified of this fact. The goods were retained for fifteen days under the bill of lading requirements, and at the end of that time the consignor requested that the shipment be held for a short time. This was complied with by the railroad company and the goods were kept

in its warehouse. While thus stored the warehouse was broken into and the tires stolen.

In an action by the Armstrong Rubber Company in the Second District Court of Newark to recover from the Erie Railroad Company for the value of the tires, the same not being delivered on demand, a motion was made for a nonsuit and refused. The defendant then proved by several witnesses full compliance with the bill of lading as to notice, both to the consignee and consignor, the request to store the tires; that on the night of August 8th, the freight house and some cars on sidings were broken into and the tires and other freight stolen; that the freight house was equipped with doors, four of which were locked from the inside and a fifth door with a spring lock from the outside. Also that all doors and windows were in good condition and properly secured. On the morning of the 9th the discovery was made that the glass panel in one door had been broken and a lock on another door also broken. The defendant in addition offered to show that there had been no robbery at the freight house in sixteen years. This offer was rejected by the trial judge as irrelevant. At the conclusion of the case a motion for direction of a verdict in favor of the defendant was denied and exception noted to the court's ruling.

The trial judge rightly held that the railroad company was a warehouseman whose duty it was to use ordinary care, but left it, improperly as we think, to the jury to decide whether such care had been exercised under all the circumstances of the case. Under these instructions the jury found for the plaintiff and from the consequent judgment the present appeal is taken.

We think the refusal to grant the motion for nonsuit was right. The proof of bailment and failure to return the tires made a *prima facie* case for the jury. *Kiltay* v. *Cordasco, ante, p.* 156. The overruling of the offer to prove the absence of previous robberies was also proper. *Carter* v. *Allenhurst,* 100 *N. J. L.* 138.

The remaining and important question is whether upon the whole case it presented one for the court to rule upon as matter of law or one of fact for the jury. In determining

it we must first decide whether under all circumstances the negligence which the law permits to be inferred, *prima facie,* from the loss, must remain throughout a question of fact for the jury, notwithstanding the strength and force of the countervailing proof; and if the rule is otherwise was there in the present case a complete rebuttal by the railroad company of the possible inference of negligence.

The early rule at common law was that the bailor must affirmatively prove the fact of negligence. 6 *C. J.* 1158, and cases cited. While some jurisdictions still adhere to the old rule it is now generally held in accordance with our own rulings that proof of loss or failure to return goods bailed is *prima facie* evidence of negligence. Does it follow, however, that this inference or presumption, as some authorities term it, must of necessity in all cases present a jury question? We think the answer is in the negative, and that the correct rule is stated in 6 *C. J.* 1160, as follows: "The burden of proof of showing negligence is on the bailor and remains on him throughout the trial. The presumption arising from injury to the goods or failure to redeliver is sufficient to satisfy this burden and make out a *prima facie* case against the bailee; but the bailee may overcome this presumption by showing that the loss occurred through some cause consistent with due care on his part, in which case he is entitled to the verdict unless the bailor affirmatively proves to the satisfaction of the jury that the loss would not have occurred but for the negligence of the bailee. Thus if he proves that the loss was occasioned by burglary or theft, by fire, by the falling of the warehouse in which the goods were stored, or by any inevitable accident, the burden is again shifted to the bailor to prove defendant's negligence."

Under this rule when the proofs of exoneration are full, clear and uncontradicted, a legal and not a fact question is presented. In *Kittay* v. *Cordasco, supra,* it is said by Judge White, writing the opinion for the Court of Errors and Appeals: "The defendant, in answer to this permissible inference [negligence from failure to redeliver], was at liberty to explain the circumstances attendant on the loss of the diamonds. If, as a result of this explanation, and of

all the other circumstances of the case, it had been established beyond jury question that there was no evidence from which the jury might properly find negligence on the part of the bailee, he would have been entitled, at the hands of the court, to the direction of a verdict in his favor, although the inference arising at the end of the plaintiff's case from the mere facts of the deposit of the diamonds, their loss, and the failure to return them prevented the granting of the motion for a nonsuit."

In *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149, Mr. Justice Trenchard, writing the opinion for the same court, thus deals with the like principle, as we think, respecting the inferences to be drawn from legal presumptions of fact and their evidential effect: "Proof of defendant's ownership of an automobile driven on a public highway raises a presumption of fact that such automobile was in the possession of the defendant, if not personally, then through his servant, the driver, and that such driver was acting within the scope of his employment. Of course, both or either of these presumptions may be overcome by uncontradicted proof to the contrary, and if so overcome by uncontradicted proof that the automobile was not in the possession of the owner or of his servant, or was not being used by the servant within the scope of his employment, then a motion for a direction of a verdict for the defendant owner will be granted." In *Cronecker* v. *Hall,* 92 *Id.* 450, the principle was practically applied, and it was held that where a presumption of ownership and operation existed, but the uncontradicted testimony established that there was not an operation by the owner or his driver at the time, that a direction of a verdict for the defendant was proper.

Of like effect are the decisions in *Goodman* v. *Lehigh Valley Railroad Co.,* 75 *N. J. L.* 277 (same parties, 78 *Id.* 317, and 82 *Id.* 450), in which it was recognized by both court and counsel that under the statute which makes fire arising from the engine of a railroad company *prima facie* evidence of negligence, uncontradicted proof that the spark arresting screens were in good condition, presents a question for the court and not for the jury. The presumption there

involved differs from the present only, in that it is a creation of statute rather than of the common law.

While the presumption of law made a *prima facie* case in the present instance, and thereby precluded a nonsuit at the end of the plaintiff's proofs, if the defendant's evidence were of such conclusive character as to negative the existence of negligence, the foregoing authorities establish that it was the duty of the court to grant the motion for a direction of a verdict in favor of the defendant at the end of the entire case. Our further view is that the proofs presented by the railroad company did demonstrate that the tires in question were stolen from its warehouse notwithstanding the exercise of every reasonable precaution that could be suggested. The community was a rural one; the defendant had provided an officer to guard this and other property, had securely locked or bolted the doors and windows, yet the tires were stolen by thieves despite such precautions. This proof was open to be rebutted by the plaintiff, if untrue, but it was not. The legal presumption arising from the plaintiff's proofs had been met and the presumption overthrown. We think, therefore, the motion to direct a verdict in favor of the defendant should have been granted.

The judgment will be reversed.