HANNAH G. DOLAN AND JAMES P. DOLAN, PLAINTIFFS-RESPONDENTS, v. GOODMAN WAREHOUSE CORPORATION, DEFENDANT-APPELLANT.

Argued October 5, 1932—Decided March 3, 1933.

Before Justices BODINE and DONGES.

For the defendant-appellant, *Arthur T. Vanderbilt.*

For the plaintiffs-respondents, *George E. Cutley.*

PER CURIAM.

The plaintiff warehoused with the defendant, for hire, household goods. A fire occurred in its warehouse, the goods were damaged and the present action was brought to recover damages because of the alleged negligent storage of the same. The defendant should have prevailed on its motion for a directed verdict.

The principles of law applicable to the case as tried are stated in *Kittay* v. *Cordasco,* 103 *N. J. L.* 156; 134 *Atl. Rep.* 667, and *Armstrong Rubber Co.* v. *Erie Railroad Co.,* 103 *N. J. L.* 579; 137 *Atl. Rep.* 596. It was held in those cases that the inference of negligence, because of the failure to return the goods, may be answered by proof of circumstances attending the loss and if this proof, and all the other circumstances of the case, establishes beyond question that there is no evidence from which the jury might properly find negligence on the part of the bailee, he would be entitled at the hands of the court to a directed verdict.

The proofs in this case indicate that the warehouse was modern and well constructed. Certain films, seized by the prosecutor of Hudson county, had been stored in the warehouse. A fire of incendiary origin occasioned plaintiff's loss. There is no proof that there was spontaneous combustion of the films. In fact, the proofs indicate that the loss was occasioned by the fire, which started at some distance from the place where the films were stored. The evidence that there was a requirement of the Jersey City fire department that films be stored in steel vaults with a thermostatic heat control does not outweigh the testimony that the films were properly stored. But even assuming otherwise, there is no evidence that improper storage of the films, or any of the goods in the warehouse, was the proximate cause of the injury

suffered by the plaintiffs. In fact, the proofs all indicate the contrary.

The other matters argued in the appellant's brief are now unnecessary of discussion.

The judgment is reversed.