FREDERICK A. DITMARS, PLAINTIFF-APPELLEE, v. GRAND
STORES, INC., A CORPORATION OF THE STATE OF
NEW JERSEY, DEFENDANT-APPELLANT.

Submitted January 15, 1946—Decided March 19, 1946.

Before Justices Bodine and Perskie.

For the appellant, *Watson, Hengeveld & Miller.*

For the appellee, *Bernard Shurkin.*

The opinion of the court was delivered by

Perskie, J. This case involves the bailee's liability for
the breach of its undertaking as bailee *locatio operis faciendi.*

The pertinent facts are not in dispute. The bailor, Fred-
erick A. Ditmars, sued the bailee, Grand Stores, Inc., a
corporation of this state, to recover the value of two suits
of clothing which he had delivered to it to be cleaned and
pressed and which suits it failed to return to the bailor. The
bailee's liability was based upon the theory that it had "un-
lawfully converted" the suits. At the time of the delivery,
the bailee issued to the bailor a customer's receipt for the
suits. This receipt discloses, among other things, an abbre-
viated description of the suits, the charge for the undertak-
ing plus a "handling charge" (*i. e.,* for handling and wrap-

ping the garments) and the following statement: "All goods insured against fire * * * while in our possession."

When the bailor returned for the suits, he ascertained that "they had been destroyed in a fire which had demolished [bailee's] establishment."

The state of case settled by the trial judge (*R. S.* 2:32–209) fully supports his factual findings that there was "no evidence of substance to show the cause of the fire and that its cause was left to speculation;" that the bailee had exercised "due" and "reasonable care" in the custody of the bailor's suits. In other words, the bailee had completely overcome the inference of negligence which, under the applicable law, arose because of its failure to return the suits to the bailor. *Dolan* v. *Goodman Warehouse Corp.*, 11 *N. J. Mis. R.* 168; 165 *Atl. Rep.* 82. *Cf. Berkowitz* v. *Pierce,* 129 *N. J. L.* 299; 29 *Atl. Rep.* (2*d*) 552. See Annotation in 151 *A. L. R.* 716-721.

Notwithstanding these proofs and the law applicable thereto, the trial judge, who sat without a jury, denied the bailee's motion for a judgment in its favor as a matter of law. He granted the bailor's motion to amend his state of demand to conform to the proofs. Accordingly, the state of demand was amended so that the theory of the bailee's liability was changed from unlawful conversion to the theory that the bailee had breached its contractual obligation with the bailor as evidenced by the aforestated quoted statement in the receipt which it had issued. In due course, the trial judge entered a judgment of $65 in favor of the bailor and against the bailee. Hence this appeal.

The denial of the motion of the bailee and the granting of the motion of the bailor constitute, in substance, the specification of determinations with which the bailee is dissatisfied in point of law.

The action of the trial judge is free from error. We concur in his holding that the case at bar is controlled by the holding of this court in *Lazar* v. *Cohen,* 127 *N. J. L.* 310; 22 *Atl. Rep.* (2*d*) 414. Here, as in that case, the statement in the receipt, "All goods insured against fire * * * while in our possession," is an integrated term of the contract of bailment *locatio operis faciendi.* The parties were free so to

contract. The bailee having defaulted in its contractual undertaking is answerable to the bailor. *Lazar* v. *Cohen, supra.*

The amendment of the state of demand was, in the judgment of the trial judge, "necessary for the purpose of determining in the existing action the real question between the parties. * * *" It was obviously made "in order to prevent the failure of justice." It was a proper exercise of power. *R. S.* 2:32–6. *Cf. Bocchino* v. *Cook,* 67 *N. J. L.* 467; 51 *Atl. Rep.* 487.

The judgment is affirmed, with costs.