MAUDE ZEMETRA AND STANLEY J. ZEMETRA, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. FENCHEL REALTY CO., INC., A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 7, 1946—Decided July 8, 1946.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the plaintiffs-respondents, *Alfred Brenner*.

For the defendant-appellant, *Gerald F. O'Mara* and *Wall, Haight, Carey & Hartpence*.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. Judgment in the Hudson Common Pleas went for plaintiffs; defendant appeals. The action is for personal injuries to the wife (the husband joining *per quod*) arising out of the permitted continuance of an alleged nuisance. The condition named as a nuisance was the presence of tall grass and weeds in the crevices and at the sides of the pavement of a public sidewalk in front of and adjacent to defendant's property, by reason of which the plaintiff tripped and fell. Neither the defendant nor any predecessor in title is shown to have created that condition. The proof is that the grass grew by itself and was never cut or otherwise attended to; it just started growing in the spring and grew until fall. The only permissible inference is that the growth was of wild unplanted and unattended grass and weeds within the limits of the public sidewalk. The abutting owner is under no obligation to keep in repair the sidewalk in front of his property unless by the requirements of a city or municipal ordinance, and the liability in the latter instance is the penalty provided by the ordinance. The question of liability resulting from an act of the owner or of someone for whom he has become responsible is not raised by the plaintiffs' pleadings or proofs herein. *Rupp* v. *Burgess,* 70 *N. J. L.* 7; *Sewall* v. *Fox,* 98 *Id.* 819; *Volke* v. *Otway,* 115 *Id.* 553; *Schwartz* v. *Howard Savings Institution,* 117 *Id.* 180; *Murphy* v. *Fair Oaks Sanatorium,* 127 *Id.* 255; *Istvan* v. *Engelhardt,* 131 *Id.* 9. The denial of appellant's motions for nonsuit and directed verdict constituted error.

Appellant's remaining points go to the court's charge or refusal to charge and are substantially disposed of by the above holding.

The judgment below will be reversed.