18 N.J. Super. 467 (1952)
87 A.2d 441
MOORE'S TRUCKING CO., PLAINTIFF-APPELLANT,
v.
GULF TIRE & SUPPLY COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 10, 1952.
Decided March 24, 1952.
*469 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Bernard Shurkin argued the case for the appellant.
Mr. Joseph Halpern argued the cause for the respondent (Mr. George W. Allgair, attorney).
The opinion of the court was delivered by BIGELOW, J.A.D.
This is a negligence action presenting an interesting problem of law. The plaintiff, as its name implies, is engaged in the trucking business, operating a number of tractors and trailers. On July 15, 1948, its servants drew a loaded trailer into the defendant's Bound Brook warehouse, unhooked the tractor and drove it away. This was in accordance with the established procedure followed by the parties. In the usual course, the defendant's employees would have unloaded the trailer and notified plaintiff to send for it. But before the trailer was unloaded, fire broke out in the warehouse and consumed the trailer, as well as its contents. The plaintiff sued defendant for the value of the trailer, but after both parties had presented their evidence, the trial judge took the case from the jury and awarded judgment to the defendant.
Was there a bailment of the trailer, or what was the relation between the parties? The cases dealing with a chattel of one person which is left by him on the premises of *470 another, indicate that there is a bailment if the latter is given primary control of the chattel for the time being. For example, there was considered to be a bailment of: jewelry checked with a swimming pool attendant, Carter v. Allenhurst, 100 N.J.L. 138 (E. & A. 1924); diamonds delivered to a retail jeweler "on memorandum," for sale, Kittay v. Cordasco, 103 N.J.L. 156 (E. & A. 1926); automobile placed in shop to be washed, McBride v. DeCozen Motor Co., 5 N.J. Misc. 552 (Sup. Ct. 1927); airplane stored in a hangar, Hopper's, Inc., v. Red Bank Airport, Inc., 15 N.J. Super. 349 (App. Div. 1951). But it is held that there was no bailment where the owner of the chattel retained control: coat of restaurant customer hung on hook near the counter where he lunched, Gilson v. Penn. R.R. Co., 86 N.J.L. 446 (Sup. Ct. 1914), affirmed 87 N.J.L. 690 (E. & A. 1915); automobile stored in a garage, but the car owner furnished with a key to the garage so that he might come and go with his car as he chose, Zucker v. Kenworthy Brothers, 130 N.J.L. 385 (Sup. Ct. 1943); package placed in a locker at railroad station, the owner of the package taking the locker key, Marsh v. American Locker Co., 7 N.J. Super. 81 (App. Div. 1950), affirmed 6 N.J. 81 (1950). And see the parking lot cases where it is generally considered that the relation of bailor and bailee arises if the car keys are left in the car at the attendant's direction and if the car owner is given a check which he must surrender when he returns for the car. But the relation is one of licensee and licensor, or lessee and lessor, if the car owner retains control, Sandler v. Commonwealth Station Co., 30 N.E.2d 389; 131 A.L.R. 1170 (Mass. Sup. Jud. Ct. 1940), and annotation; Agricultural Ins. Co. v. Constantine, 144 Ohio St. 275, 58 N.E.2d 658 (Sup. Ct. 1944); Westchester Development Corp. v. Burkett, 38 A.2d 628 (D.C. Mun. Ct. Apps. 1944).
In the case before us, the trailer, without the tractor, would have been as difficult to move as a car without a key, and this is some indication that there was no bailment. Against that, we may readily infer the intention of the parties that *471 the plaintiff should not remove the trailer, or otherwise disturb the possession of the defendant, until the latter's servants had unloaded the trailer. And meanwhile, in the normal course, the warehouse with the trailer in it, would be locked up for the night when the day's work was done. Compare the safe deposit box situation where, by the great weight of authority the depositor, although he holds the key to the box, is considered a bailor and the safe deposit company, a bailee, for it controls access to the vault, 6 Am. Jur., Bailments, § 406 et seq. We incline to the view that defendant was given exclusive control of the trailer and there was a bailment. Or it may be that the facts and the inferences are not entirely clear and that the question of bailment was for the jury, under suitable instructions. At any rate, we must assume in favor of the plaintiff-appellant, as did the trial court, that there was a bailment.
Proof of the loss of the trailer while in the possession of the defendant as bailee, established a prima facie case for the plaintiff and put the bailee to its defense. The defendant was then required to show that it had exercised reasonable care, suited to the circumstances, and that the fire occurred and spread to the trailer despite such care and not because of the defendant's negligence. And yet the general burden rested with the plaintiff and never shifted. Armstrong Rubber Co. v. Erie R.R. Co., 103 N.J.L. 579 (Sup. Ct. 1927); Hopper's, Inc., v. Red Bank Airport, Inc., supra.
The defendant proved that its warehouse was a new building of concrete and cinder blocks, planned for the storing and distribution of goods. The warehouse was kept in clean condition, swept twice daily; loose cartons, paper, or debris were not left lying around; goods were neatly stacked in rows. Fire extinguishers were kept on hand, available for use. Smoking was prohibited, and the rule against it strictly enforced. The fire was discovered before it had spread beyond the corner of the warehouse where it started. Immediately, defendant's employees tried to put it *472 out, but could not do so. Plaintiff advances two propositions in support of its charge of negligence: that the fire itself bespeaks negligence, and that in the warehouse, at about where the fire started, were four or five thousand quarts of an inflammable substance known as rubber cement, which is used for patching tires. But the rule is established in New Jersey that the fire, though originating on defendant's premises, is not, by itself, evidence of negligence. Menth v. Breeze Corp., 4 N.J. 428 (1950). And certainly negligence cannot be inferred from the storing of an inflammable substance, unless there is proof that good warehousing practice was not followed. We are satisfied that the plaintiff failed to prove negligence, and so the court properly granted judgment for the defendant. Smith v. Elizabethport Bank, 69 N.J.L. 288 (E. & A. 1903).
Plaintiff argues that it was prejudiced by the erroneous exclusion of evidence. The chief fire inspector of Bridgewater Township, in which the warehouse was located, was sworn as a witness for the plaintiff and was asked whether the storage of rubber cement violated the fire prevention ordinance of the township, and "whether or not rubber cement requires special handling according to your code?" To each question, an objection was made and sustained.
It is a settled principle of our law that when the Legislature has, by statute, established a certain standard of conduct, one of the class for whose benefit the statute was enacted obtains the benefit of the statute in an action for negligence if the breach of the statute was the efficient cause of the injury of which he complains. Evers v. Davis, 86 N.J.L. 196 (E. & A. 1914); Daniels v. Brunton, 9 N.J. Super. 294 (App. Div. 1950), affirmed 7 N.J. 102 (1951). A municipal ordinance made pursuant to authority granted by the Legislature comes within the same principle as does a statute. Kolankiewiz v. Burke, 91 N.J.L. 567 (E. & A. 1918). But the plaintiff could not count on the defendant's violation of a provision of the ordinance unless that provision was ordained for the benefit of a class to which plaintiff *473 belongs. Fielders v. North Jersey St. Ry. Co., 68 N.J.L. 343 (E. & A. 1902); Rose v. Slough, 92 N.J.L. 233 (E. & A. 1918). Only by an inspection of the ordinance can it be determined for whose protection it was made and what acts it forbids or commands. Clock v. Public Serv. Co-Ord. Trans., 8 N.J. Super. 20 (App. Div. 1950). In the suit before us, the plaintiff did not attempt to prove the ordinance itself, but offered only the chief's understanding of what the code required. The exclusion of the evidence was correct.
Judgment affirmed.