69 N.J. Super. 57 (1961)
173 A.2d 520
HELEN LAMBE, PLAINTIFF-APPELLANT,
v.
GEORGE REARDON AND MARY REARDON, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1961.
Decided July 21, 1961.
*60 Before Judges GOLDMANN, FOLEY and LEWIS.
Mr. Nicholas Martini argued the cause for appellant.
Mr. Samuel H. Nelson argued the cause for respondents.
The opinion of the court was delivered by FOLEY, J.A.D.
This is a sidewalk accident case grounded in negligence, and nuisance arising out of negligence. Defendants have owned and occupied a residence property located at the corner of Washington Avenue and Carmita Avenue, Rutherford, New Jersey continuously since May 1953. While walking along the flagstone walk on the Carmita Avenue side of the property at about noon on May 9, 1959, plaintiff tripped over a raised flagstone and fell, suffering personal injuries. At the close of plaintiff's case the trial court granted defendants' motion for involuntary dismissal and plaintiff appeals.
When considering the propriety of granting a motion for dismissal, the court must regard the evidence and inferences arising therefrom in the light most favorable to the plaintiff. Hayden v. Curley, 34 N.J. 420, 422 (1961). Applying this standard to the present case we find that the evidence discloses the following: The sidewalk was installed at least 50 years ago. It is the conventional type of flagstone walk consisting of a series of stone slabs laid side by side. Along the Carmita Avenue side there are two points at which slabs are raised above the level of those adjoining them. One such slab is opposite a tree, the other, and that which plaintiff testified caused her to trip, rests on a terra cotta drain pipe. The drain is connected to a leader which runs from the roof of defendants' dwelling to the ground. The dwelling is set five steps above the sidewalk level, a height which may be approximated at five feet. The grading of the property is protected by a concrete retaining wall just off the sidewalk, which appears to be about 30 inches high. The terra cotta drain pipe runs underground *61 from the dwelling to the street, passing under the retaining wall and the flagstone in question. For its entire width this flagstone is one and three-quarter inches above the level of the one adjoining it and plainly constitutes a trip-hazard. This condition existed when defendants acquired the property in 1953 and has remained unchanged ever since.
The theory of liability as pleaded by plaintiff in her complaint was that:
"* * * the defendants constructed said sidewalk in a negligent and careless manner and they carelessly and negligently maintained the same, failed to have sidewalk constructed of proper materials, failed to have them even and negligently permitted the same to be uneven, raised and cracked and negligently and carelessly repaired causing a portion of said sidewalk to be raised and to constitute a dangerous obstruction to pedestrians lawfully using the same, and further failed to give any warning or notice of said dangerous condition, failed to make reasonable inspection of said sidewalk, and otherwise carelessly constructed and maintained said sidewalk in a condition which was dangerous to pedestrians."
and that:
"* * * the defendants maintained and permitted a public nuisance upon the sidewalk on premises owned by them and commonly known as 221 Washington Avenue, Rutherford, New Jersey, consisting of an improperly constructed and maintained sidewalk which was raised, uneven, cracked and negligently repaired, constituting a dangerous obstruction and a public nuisance to the general public, including the plaintiff herein lawfully using the same, and failed to give reasonable notice of said dangerous condition and public nuisance, and failed to remove the same, as a result of which the plaintiff stumbled and fell and was seriously and was gravely injured * * *."
The specific factual contentions arising from the foregoing generalized charges of negligence and nuisance, as appear in paragraph 2 of the pretrial order, were:
"Defts were owners of premises at 221 Washington Ave., Rutherford and pltf charges on May 9, 1959 the sidewalk in front of said premises was improperly constructed and/or improperly maintained. *62 Pltf contends that the sidewalk was uneven, raised and cracked and if any repairs had been made they were improperly made. They contend there were 2 concrete slabs and one was 2 inches higher than the other and the walk from the street curb was lower, badly cracked and unevenly constructed and there was no notice of the dangerous condition. As a result of that that pltf fell on said sidewalk and was injured."
It is noted that neither in the complaint nor in the pretrial order, was mention made of the construction or maintenance of the drain pipe, as a factor causative of the accident.
At the trial plaintiff called as an expert witness one Jasper Morici, a general building contractor of some 35 years experience. Morici testified in detail concerning the course of the drain pipe and went on to say:
"In my examination of this condition here, I found that the tile pipe is underneath the bluestone flagging and at the bluestone flagging there is two elevations due to the cause that the tile pipe was laying underneath the bluestone flagging, one that was disturbed sometime or other when that tile pipe was installed there. There is about an inch and a half difference in elevation between one bluestone flagging and the other due to the fact that the pipe was underneath there and the flagstone is resting on the pipe. (Emphasis added)
He then was asked for his opinion of whether the pipe was laid "according to accepted standards in the building industry for this type of construction." At this point the attorney for defendants interposed an objection and brought to the court's attention an interrogatory which had been addressed to the plaintiff and the answer thereto:

"20. State in detail how the sidewalk was allegedly negligently constructed and repaired.
A. Two concrete sidewalk slabs 4' by 5' in size, having two elevations  one slab being more than two inches higher than the other slab and the walk from street curb to sidewalk was lower and badly cracked, being constructed of improper materials and being unevenly installed and maintained. Repair attempted to be made  being simply patches, still leaving dangerous elevations and depressions, with cracks." *63 The attorney also drew attention to the plaintiff's contentions in paragraph 2 of the pretrial order, as hereinabove set forth. Plaintiff's attorney did not directly come to grips with the merits of his adversary's objection, nor with the plea of surprise made in conjunction with it, nor was application made to amend or supplement the pretrial order. The trial court sustained the objection. No objection was made to this ruling, nor is it challenged by plaintiff on this appeal.
Morici was then asked his opinion of whether the sidewalk was laid and constructed in accordance with the accepted standards. He answered that it was not, and furnished as the basis for his views the following:
"During my inspection of the bluestone sidewalk flagging I found that it was improperly installed due to the fact that one side of the bluestone flagging was about two inches higher than the other and when a sidewalk is laid we always put them on a level, we level the bottom that each slab should be level with the other one. In this particular case one bluestone flagging was higher than the other one because it was disturbed sometime or other due to an installation of some piping underneath." (Emphasis added)
Defendants objected to the part of the answer italicized and the court upon request, struck it and instructed the jury not to "pay any attention to the testimony about the drain construction." (Emphasis added)
In further illumination of his opinion, Morici testified, without objection, that the "sidewalk was disturbed sometime or other and it was not laid back properly." And he said also, in connection with the standards for repairing and presumably for relaying a sidewalk of this kind, that the slabs are padded on the bottom "and when they are laid they should be packed and they should absolutely be level."
In granting defendants' motion the court stated:
"The plaintiff contends that the defective condition in the sidewalk at the point near the rear entrance of the defendants' property was caused by the erection or insertion or construction of a tile drain pipe from the defendants' premises underground and underneath *64 the sidewalk at that point on its course to the opening of the gutter, to the street; that there was no defect in the construction of the drain, but there was a defect in the construction of the sidewalk over the drain by laying the slab that is higher than the adjoining slab on top of the drain underneath. * * * (Emphasis added)
Plaintiff did not then, nor does she now, challenge the court's concept of her contentions, as thus expressed.
The basic reason assigned by the court for granting defendants' motion was that there was "no proof on which a jury could be permitted to find who created the defective condition in the sidewalk in question or who improperly repaired that part of the sidewalk, repaired at or near the defendants' rear entrance, nor any proof that the defendants or their predecessors in title created such condition or failed to repair any such condition properly or made the improper repair thereon."
In passing we note that there was evidence that within the last "three to five years" an attempt was made to diminish the hazard by a ramp-like cement repair, and that this has partially disintegrated. Even if it be permissible to infer that the defendants are chargeable with the attempted repair (a point on which we do not pass), it is apparent that such attempt did not increase the hazard sought to be remedied, nor did it create a new danger which was proximately related to plaintiff's injuries. Consequently liability could not be predicated on this act. Snidman v. Dorfman, 7 N.J. Super. 207 (App. Div. 1950). Cf. Bauer v. 141-149 Cedar Lane Holding Co., 42 N.J. Super. 110, 119 (App. Div. 1956), affirmed, 24 N.J. 139 (1957).
An abutting property owner is not liable for injuries suffered by a pedestrian from a defective sidewalk unless the owner or his predecessors in title created the defect. Hayden v. Curley, supra; Moskowitz v. Herman, 16 N.J. 223, 225 (1954). A plaintiff does not make out a prima facie case against an abutting owner merely by putting in proof of the existence of a nuisance, and he cannot thereby throw upon the owner the burden of establishing that neither *65 he nor his predecessor in title is responsible for its creation or continuance. Orlik v. De Almeida, 45 N.J. Super. 403, 408 (App. Div. 1957); see also Healy v. Sayre, 113 N.J.L. 308, 312 (E. & A. 1934). On the contrary, plaintiff has the burden of proving that the owner or his predecessor in title was responsible therefor. Orlik, supra; Volke v. Otway, 115 N.J.L. 553, 555 (E. & A. 1935).
But where the construction of the sidewalk is a nuisance, and does not cease to be such while in control of subsequent owners of the abutting property, the nuisance is deemed to be adopted and maintained by the subsequent owner in control, and he becomes responsible therefor. Braelow v. Klein, 100 N.J.L. 156, 158 (E. & A. 1924). In this respect the law distinguishes between the creation and maintenance of a nuisance arising from improper construction, and conditions of dilapidation amounting to a nuisance which result from ordinary wear and tear, for which there is no liability on the abutting owner. While the owner is under no duty to rebuild a sidewalk to rectify conditions with which he is not chargeable under the foregoing principles, if he does so, he must exercise reasonable care for the public passage; and if, failing in this duty, a public nuisance comes into being, he is accountable for it. Orlik, supra, 45 N.J. Super., at page 406.
Ordinarily the owner of the property owns the soil lying within the public way abutting his property subject to the public user. See Stevenson, "Law of Streets and Sidewalks in N.J.," 3 Rutgers L. Rev. 19, 21 (1949). Thus, he is free to install appurtenances such as drains for the beneficial use of his property providing they do not interfere with the public safety. However, if he does so he is bound to keep in repair not only the appurtenances but also the covering of same where it becomes a part of the sidewalk. Rupp v. Burgess, 70 N.J.L. 7, 9 (Sup. Ct. 1903). It follows that where one installs a drain such as is involved in the instant case, and the work requires the removal and replacement of a portion of the sidewalk, he *66 should be liable for a nuisance resulting from the replacement of the sidewalk even though no negligence attended the manner in which the drain itself was installed.
In Moskowitz v. Herman, supra, recovery was denied because there was no proof as to the creation of any nuisance by the defendant owner, or by its predecessors in title, in the original construction of the sidewalk. The rationale of Orlik v. De Almeida, supra, was the same, but the court suggested the question might be posed: "* * * is it not so likely that the work was imputable to a predecessor in title that we may presume it?" Answering, the court said:
"Perhaps over the years, municipalities, the Works Progress Administration, utilities and others whose acts are not properly imputable to the owner, have built or performed work on sidewalks with such frequency that no such presumption can fairly be indulged." 45 N.J. Super., at p. 408.
We find these cases readily distinguishable from that sub judice because of inferences which may be drawn from the proofs herein which unflinchingly point to a prior owner as the creator of the claimed nuisance.
A "reasonable inference" is a deduction which in terms of probability, as distinguished from mere possibility, is supported by the common experience of mankind.
The fact that this sidewalk was laid fifty years ago, coupled with the appearance of defendants' dwelling, as disclosed by the photographs in evidence, the topography of the land and the geographical relationship between the dwelling and the sidewalk, would permit a jury to find it probable that the sidewalk was there before the dwelling was built, and, a fortiori, the sidewalk was present when the terra cotta drain serving the dwelling was installed. There would be but two ways to install the pipe; either by tunneling under the flagstone, or by the simpler means of lifting the slab, laying the pipe and replacing the slab. Probability favors the conclusion that the latter course was adopted, and the further conclusion that whoever constructed the drain lifted and replaced the slab. Strangers do not ordinarily put themselves *67 to the time, trouble and expense of improving other people's property, at least they do not do so without the knowledge, consent or approval of the landowner benefited thereby. Thus, the installation of the drain, considering its purpose, and the lifting and replacement of the slab could in terms of probability be attributed to the owner of the property at the time the installation was made.
It may be asked: what is there to indicate that when the slab was replaced, its surface was not level with the adjoining slabs, and that subsequent usage of the adjoining slabs or the effect of the elements upon them, or indeed the effect of their own weight, did not cause them to sink? We are of the view that whether the flagstone, as originally replaced, was flush with the adjacent slabs, or whether, at all times since the pipe was installed and the slab replaced, the present condition has obtained, is not determinative of defendants' responsibility. Obviously in the latter case, the condition could be viewed as a nuisance ab initio. But even if the first mentioned situation prevailed at the time of the replacement, and subsequently an adjoining slab because of wear and tear, action of the elements, or its own weight was caused to sink, the slab in question has been prevented from sinking because of the bracing effect of the terra cotta pipe which the abutting owner installed for his own benefit. Thus, upon either hypothesis it could be fairly concluded from the evidence that the replacement of the slab in the manner described, without taking into account the existing or future effect of the pipe on the sidewalk level, was directly responsible for the condition which caused plaintiff's injury. In these circumstances the determination of defendants' responsibility should have been left to the jury.
Although the foregoing determination is dispositive of this appeal, in view of the prospective retrial of the case, we deem it advisable to consider the remaining points raised. Plaintiff contends that the trial court erred in refusing to admit in evidence an ordinance of the Borough of Rutherford *68 requiring abutting landowners to maintain, and keep in repair, a concrete or bluestone sidewalk at the sole cost and expense of said owner. Violation of the ordinance carries a maximum fine of $100, and in default of payment a maximum sentence of 30 days in the county jail.
Where a statute establishes a certain standard of conduct, one of the class for whose benefit the statute was enacted obtains its benefit in an action in negligence, if the breach of the statute was the efficient cause of the injury of which he complains. Moore's Trucking Co. v. Gulf Tire & Supply Co., 18 N.J. Super. 467 (App. Div. 1952), certification denied 10 N.J. 22 (1952). A municipal ordinance made pursuant to authority granted by the Legislature comes within the same principle as does a statute. Ibid.
But, as was said in Fielders v. North Jersey St. Ry. Co., 68 N.J.L. 343, 352 (E. & A. 1902):
"* * * where the provisions of an ordinance are intended not for the benefit or protection of individuals comprising the public, but for the benefit of the municipality as an organized government, and more particularly if they impose upon property-owners the performance of a part of the duty of the municipality to the public, a legislative intent is indicated that a breach of such ordinance shall be remediable only at the instance of the municipal government or by enforcement of the penalty prescribed therein, and that there shall be no right of action to an individual citizen especially injured in consequence of such breach. The most conspicuous cases of this sort are those that deny liability to private suit for violation of the duty imposed by ordinance upon abutting property owners to maintain sidewalk pavements or to remove ice and snow from the walks."
The rule thus enunciated has been consistently followed. Rupp v. Burgess, supra; Rose v. Slough, 92 N.J.L. 233, 234 (E. & A. 1918); Zemetra v. Fenchel Realty Co., Inc., 134 N.J.L. 358 (Sup. Ct. 1946), affirmed 135 N.J.L. 205 (E. & A. 1947); Fischer v. Salomone, 136 N.J.L. 431 (Sup. Ct. 1948); Coll v. Bernstein, 14 N.J. Super. 71 (App. Div. 1951). Hence, the ordinance was properly excluded.
*69 Lastly, plaintiff challenges the refusal of the trial court to read defendants' deposition at the trial "on the question of ownership, occupancy, possession and notice of the condition of sidewalk." Clearly, this was error. See R.R. 4:16-4(b). However, in lieu of reading the deposition, plaintiff called Mrs. Reardon to the stand and elicited from her the pertinent information contained in the deposition. Therefore, the error was not prejudicial. See R.R. 1:5-3(b).
Reversed and remanded for a new trial.
GOLDMANN, S.J.A.D., concurring in result.