352 F.2d 47
 Mamie SOLES, Administratrix ad Prosequendum for the Estate
of Donnie Soles, Deceased, and Willie Askins, Administrator
ad Prosequendum for the Estates of Dorothy Askins Soles,
Deceased, and Alfreda Askins, Deceased, Appellants,
v.
Aaron FRANZBLAU and Ruth Schlein.
 No. 15024.
 United States Court of Appeals Third Circuit.
 Argued March 16, 1965.
Decided Nov. 2, 1965.
 
 Joseph F. Walsh, Bracken & Walsh, D. F. Moore Craig, Newark, N.J. (Avidan & Avidan, Newark, N.J., on the brief), for appellants.
 Samuel A. Larner, Newark, N.J. (Budd, Larner & Kent, Newark, N.J., on the brief), for appellee.
 Before McLAUGHLIN, HASTIE and SMITH, Circuit Judges.
 WILLIAM F. SMITH, Circuit Judge.
 
 
 1
 This action, under the Wrongful Death Act of New Jersey, N.J.S.A. 2A:31-1 and 31-2, was brought by the plaintiff Mamie Soles on behalf of the next of kin of Donnie Soles, and by the plaintiff Willie Askins on behalf of the next of kin of Dorothy Askins Soles and Alfreda Askins. The action was tried by the court without a jury and resulted in a judgment in favor of the defendants from which the plaintiffs appeal.
 
 
 2
 The defendants were the owners of a three-story tenement house located on the corner of Hunterdon and Twelfth Streets in the City of Newark. The building was of frame construction and had been erected prior to March 25, 1904. There was a store and an apartment on the first floor and there were two apartments, front and rear, on each of the other floors. The only means of ingress and egress to the apartments on the second and third floors were common hallways, extending from the front to the rear of the building, at the ends of which there were stairways leading from the ground floor. The tenement was admittedly not furnished with fire escapes.
 
 
 3
 The plaintiffs' decedents, who had occupied the rear apartment on the third floor, suffered fatal injuries in a fire which partially destroyed the interior of the tenement, particularly the hallways and stairways, early in the morning hours of June 8, 1961. The exterior of the building was damaged only slightly. Donnie Soles was asphyxiated and died in the apartment; the others died soon after they were removed to a hospital.
 
 
 4
 The fire started in the hallway of the ground floor, from which it spread to the second and third floors, making access from the apartments to the hallways impossible. After the alarm was sounded the first person to arrive on the scene was a policeman who had passed by five minutes earlier but saw no evidence of fire. As he approached the building flames 'were coming out of the front hall door and the first floor establishment.' The fire was so intense that entrance into the building was prevented.
 
 
 5
 While on the scene, and before the firemen arrived, the policeman observed several occupants of the first and second floors leaping from their apartment windows to the ground. When the firemen arrived, several minutes later, they placed a ladder against the side of the building; the uprights were rested immediately beneath a window of the decedents' apartment. The policeman ascended the ladder and as he did so a six year old boy, one Alfred Askins, 'jumped' from the window; the boy's fall was broken when the policeman attempted to 'catch' him. As the policeman descended the ladder, a woman, whose identity was not ascertained, either fell or leaped from a window of an apartment on the second floor.
 
 
 6
 The plaintiffs predicated the charge of negligence upon an alleged violation of N.J.S.A. 55:3-4, which reads in pertinent part as follows:
 
 
 7
 'Every nonfireproof tenement house erected prior to March twenty-fifth, one thousand nine hundred and four which is three stories or more in height shall, * * *, have a fire escape directly accessible to each apartment. The provisions of this subtitle relating to outside fire escapes shall not apply to any house not more than three stories in height, which shall be provided with two independent stairways not adjacent to each other.'
 
 
 8
 It is obvious that this statute was intended for the protection of tenants and other occupants of certain tenements. Under the law of New Jersey the breach of such a statute, although not negligence per se, is evidence of negligence. Fortugno Realty Co. v. Schiavone-Bonomo Corp., 39 N.J. 382, 189 A.2d 7, 12 (1963); Mattero v. Silverman, 71 N.J.Super. 1, 176 A.2d 270, 275 (1961); Lambe v. Reardon, 69 N.J.Super. 57, 173 A.2d 520, 526 (1961); Moore's Trucking Co. v. Gulf Tire & Supply Co., 18 N.J.Super. 467, 87 A.2d 441, 443 (1952).
 
 
 9
 The defendants do not dispute the applicability of the statute. They argue, notwithstanding the finding of the court below to the contrary, that the stairways at each end of the hallways met the requirements of the enactment. We cannot agree. These stairways, although not adjacent, were not independent within the meaning of the statute.
 
 
 10
 We are of the opinion that the stairways may be regarded as 'independent' within the meaning of the statute[1] only if they are so disposed with relation to the apartments as to afford the occupants alternate means of escape in the event of fire. The stairways with which the defendants' tenement was furnished did not meet this requirement. They were accessible to each apartment only through the common hallways by which they were connected; if access to the hallways was prevented by fire, as it was in this case, the stairways afforded no means of escape. Under these circumstances it was the duty of the defendants to provide the tenement with outside fire escapes as required by the statute. This they failed to do.
 
 
 11
 The trial judge correctly found that (1) 'the stairway system in use at (defendants') premises' did not meet the statutory requirements, and (2) 'the fire was of such fierceness and magnitude that it was impossible for anyone to escape through the Interior of the house.' He further found 'the other members of the Soles family (decedents) were unable to reach the window prior to being overcome with the fumes and smoke inhalation.' We have carefully reviewed the original transcript and find nothing therein to support this last finding.[2] There is no evidence in the record as to when, in relation to the start of the fire, the decedents succumbed.
 
 
 12
 The trial judge found as an ultimate fact that 'the fire raged so furiously that it would have been impossible for them (decedents) to have left the house by utilization of any stairway whether or not same was Independent in the sense set out in the * * * statute.' This finding appears to be predicated on an unwarranted assumption for which we find no support in the record. However, more important was the failure of the trial judge to give proper consideration to the obviously causal relation between the decedents' inability to escape and the admitted absence of fire escapes.
 
 
 13
 The court below finally concluded that the 'link in the chain of evidence seeking to establish proximate cause between the deaths inflicted and the negligence on the part of the defendants is missing in the instant situation.' We find no such weakness in the plaintiffs' proofs. There was ample evidence in the record from which the court could have, and should have, inferred that the deaths were proximately caused by the violation of the statute. As we view the evidence it will admit of no other inference.
 
 
 14
 The defendants, relying on rule 52(a) of the Fed.Rules Civ. Proc., 28 U.S.C.A., argue that the trial court's findings of fact may not be set aside unless 'clearly erroneous.' The rule is not relevant in the instant case. The ultimate findings of fact were predicated upon inferences drawn from evidence as to which there was no disagreement. It has been held by this Court, and others, that under such circumstances findings of fact are reviewable on appeal free of the impact of the rule. Sears, Roebuck & Co. v. Johnson, 219 F.2d 590, 591 (3rd Cir. 1955); Thomas v. Commissioner of Internal Revenue, 254 F.2d 233, 236 (5th Cir. 1958); Merchants National Bank & Trust Co. v. United States, 246 F.2d 410, 417 (7th Cir. 1957); Orvis v. Higgins, 180 F.2d 537, 539 (2nd Cir. 1950), cert. den. 340 U.S. 810, 71 S.Ct. 37, 95 L.Ed. 595. Moreover, application of the rule could not avail the defendants. Measured by the standard established by United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948), the ultimate findings of fact were clearly erroneous.
 
 
 15
 The judgment of the court below will be reversed and the action will be remanded with directions that (1) judgment be entered in favor of the plaintiffs, and (2) the Court proceed to a determination of the issues raised by the respective claims for damages.
 
 
 
 [1]
 We have found no case construing the term 'independent stairways,' and the parties have cited none
 
 
 [2]
 Four windows of the decedents' apartment faced Hunterdon Street. Each window was only 12 to 13 feet from the opposite wall